# Richmond

FEDERAL REALTY & DEVELOPMENT CORP. v. N. LITTERIO & CO., INC.

May 25, 1972.

Record No. 7832.

Present, Snead, C.J., I'Anson, Carrico, Gordon, Harrison and Harman, JJ.

*Lawrence D. Huntsman,* for plaintiff in error.

*Albert H. Grenadier (Fagelson, Schonberger, Billowitz & Grenadier,* on brief), for defendant in error.

Per Curiam.

On April 20, 1970, plaintiff N. Litterio & Co., Inc. filed in the clerk's office of the Circuit Court of Arlington County a motion for judgment against defendant Federal Realty & Development Corp. for the alleged balance owing under a contract. Rule 3:3.[1] On April 24, 1970, a notice of motion for judgment, with a copy of the motion for judgment attached, was served on the registered agent for the defendant. *Id.*

On June 25, 1970, the court entered an order declaring the defendant in default because it had filed no responsive pleadings and ordering that the case be continued to July 10, 1970. Rule 3:17. After hearing evidence, the court on July 10, 1970 entered a final judgment for the plaintiff against the defendant in the principal

---

[1] References to Rules are to the Rules of this Court as amended effective March 1, 1972.

amount of $30,125.16. *Id.* Under Rule 1:1, "judgments . . . remain under the control of the trial court and subject to be modified or vacated for twenty-one days after the date of entry, and no longer".

Relying on Code § 8-348, the defendant on February 12, 1971 filed a motion to set aside the judgment entered July 10, 1970. In a supporting affidavit, defendant's counsel alleged in substance that

> the plaintiff had brought a suit against the defendant in a federal court based on the same claim; that defendant's counsel had appeared in the federal court and actively defended the case; that defendant's counsel learned on August 19, 1970 that the plaintiff had filed a motion to dismiss the suit in the federal court without prejudice; that defendant's counsel then went to the Clerk's office of the Circuit Court of Arlington County where he was apprised for the first time of the motion for judgment filed in this case.

It is undisputed, however, that the notice of motion for judgment was duly served on the defendant through its registered agent on April 24, 1970.

By an order entered March 26, 1971, the trial court denied the defendant's motion to set aside the judgment of July 10, 1970. We granted the defendant a writ of error to the order entered March 26, 1971.

The first sentence of Code § 8-348, upon which the defendant relies, provides:

> "Correction of certain errors.—The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of such court in vacation thereof, may on motion reverse such judgment or decree for any error for which an appellate court might reverse it if the following section were not enacted,[2] and give such judgment or decree as ought to be given."

---

[2] Code § 8-349 provides:

"Action of appellate court when there might be redress under preceding section.—No appeal, writ of error, or supersedeas shall be allowed by the Supreme Court of Appeals or any justice thereof for any matter for which a judgment or decree is liable to be reversed or amended, on motion as aforesaid, by the court which rendered it, or the judge thereof, until such motion be made and overruled in whole or in part. And when the Supreme Court of Appeals hears a case wherein an appeal, writ of error, or supersedeas has been allowed, if it appears that, either before or since the same was allowed, the judgment or decree has been so amended, the Supreme Court of Appeals shall affirm the judgment or decree, unless there be other error; and if it appear that the amendment ought to be, and has not been made, the Supreme Court of Appeals may make such amendment, and affirm in like manner the judgment or decree, unless there be other error."

Although the full intent and meaning of Code § 8-348 is not clear, we can summarily deal with the question presented on this appeal. Under the first sentence of Code § 8-348 a trial judge can reverse a default judgment only for errors for which this Court might reverse the judgment. No error can be found in the final judgment entered July 10, 1970 or in the earlier order entered June 25, 1970. Rule 3:17. Since this Court would have no ground for reversing the final judgment, the trial court properly denied the defendant's motion to set aside the judgment.

*Writ dismissed.*