# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## LANDCRAFT COMPANY, INC.

### v.

## DONALD M. KINCAID

February 29, 1980.

Record No. 780237.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Arthur L. Moshos* (*Mark J. Yeager; Moshos, Byrd & McClure,* on briefs), for appellant.

*Richard E. Dixon* (*Swinburne & Dixon,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this appeal in an action at law for breach of contract, we review the trial court's action in setting aside a default judgment.

On February 7, 1975, appellant Landcraft Company, Inc., the plaintiff below, filed its motion for judgment in the trial court against

defendants Berlage-Bernstein Builders, Inc., and Donald M. Kincaid, both doing business as Kings Highway Associates Limited Partnership. Plaintiff sought damages approximating $24,000 for breach of a construction contract in which plaintiff agreed to install sewers and water mains in a subdivision in Fairfax County being developed by Kings Highway Associates. Plaintiff alleged defendant Berlage-Bernstein was a general partner and appellee Kincaid was a limited partner in Kings Highway Associates.

Kincaid was personally served with the notice of motion for judgment on March 21, 1975; Berlage-Bernstein was served a week later and filed a timely "answer" and counterclaim. Kincaid filed no pleadings in response.

Approximately a year later and pursuant to notice, plaintiff moved for a judgment against both defendants. Service of the notice was by mail upon counsel for Berlage-Bernstein and by mail upon Kincaid individually.[1] On April 9, 1976, the return date of the notice, judgment was entered against the defendants jointly and severally for $17,559.99; the counterclaim was dismissed with prejudice. Counsel for Berlage-Bernstein endorsed the judgment order and did not object to its entry. Kincaid had failed to plead or otherwise appear and the judgment against him was by default. The order was entered by Honorable Barnard F. Jennings, one of the judges of the trial court, who, according to the record, took no further part in the proceedings.

Almost ten months later on February 8, 1977, Kincaid, by counsel, filed a motion to "reverse" the default judgment. He initially alleged that neither the construction contract, the Certificate of Partnership for Kings Highway Associates, nor the applicable sections of the Uniform Partnership Act, Code §§ 50-1 to -78, imposed any liability upon him to plaintiff as a limited partner. He contended that under Code § 50-44, "limited partners are not responsible for the debts of

---

[1] At that time, Rule 3:17 provided:

A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case. He waives trial by jury and all objections to the admissibility of evidence. The court shall, on motion of plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages.

1976 Cum. Supp. to Volume 2 of the Code of Virginia.

The Rule has been amended to conform to present Code § 8.01-296.

the partnership." [2] He also asserted that under Code § 50-69, "limited partners are not proper parties in a suit against the partnership, unless the object of the suit is to enforce a limited partner's liability to the partnership." [3] Consequently, Kincaid alleged, the entry of the default judgment was a "mistake" from which he was entitled to relief under Code § 8-348.[4]

In a supplemental memorandum of law filed three months after the foregoing motion, Kincaid assigned an additional reason why the default judgment ought to be reversed. He asserted that he had sold his limited partnership interest in 1970 and that such sale became a matter of public record at least eight months before the construction contract was executed on November 29, 1971. Consequently, Kincaid contended, plaintiff's motion for judgment alleging he was a limited partner in Kings Highway Associates at times material to the claim was "clearly defective as a matter of law."

In May of 1977, the trial judge wrote to counsel stating that the motion to reverse the default judgment was granted. The court said that because Kincaid was not a member of Kings Highway Associates Limited Partnership on November 29, 1971, he could not be held

---

[2] Code § 50-44 provides:

A limited partnership is a partnership formed by two or more persons under the provisions of § 50-45, having as members one or more general partners and one or more limited partners. The limited partners as such shall not be bound by the obligations of the partnership.

[3] Code § 50-69 provides:

A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.

[4] Insofar as pertinent here, Code § 8-348 provided:

The court in which there is a judgment by default, ... may on motion reverse such judgment ... for any error for which an appellate court might reverse it if the following section were not enacted, and give such judgment ... as ought to be given. And any court ... in which is rendered a judgment ... wherein there is in a pleading or in the record of the judgment ... any mistake, miscalculation, or misrecital of any name, sum, quantity, or time when the same is right in any part of the record or proceedings, ... may, on the motion of any party, amend such judgment ... according to the truth and justice of the case. ... Every motion under this section shall be after reasonable written notice to the opposite party, his agent or attorney in fact or at law, and shall be within three years from the date of the judgment. ...

The "following section," Code § 8-349, generally provided that this Court had no jurisdiction to entertain a petition for appeal from a default judgment until relief had been sought under § 8-348 by a motion to the court in which the default judgment had been rendered. *Smith* v. *Powell*, 98 Va. 431, 437, 36 S.E. 522, 524 (1900).

Code §§ 8-348 and 8-349 have been replaced by Code §§ 8.01-428 and 8.01-429 (Repl. Vol. 1977).

liable "as a limited partner or as a general partner with respect to a contract entered into on that date."

Prior to the entry of an order carrying out that ruling, plaintiff filed a motion asking the trial judge to reconsider the decision. The court re-examined the matter and after further briefing of the issues by counsel, refused to change its previous ruling. In a letter to counsel, the trial judge held that the motion for judgment did not "state a good cause of action against the defendant Kincaid and lacks the averments which are necessary to show [a] right to recover." The court below relied on Code § 50-44, *supra* note 2, and Code § 50-50 and noted that a limited partner shall not be liable for debts of the partnership unless he took part in the control of the business.[5] The court decided that the motion for judgment failed to "aver that [Kincaid] took part in the control of the partnership." Hence, the trial court said, the inadequacy of the motion for judgment as to Kincaid was a "jurisdictional deficiency" for which this Court, under § 8-348, could reverse the judgment. Accordingly, the court ruled, it was empowered to set aside the default judgment. From the November 1977 order embodying that decision and reversing the default judgment, we awarded plaintiff an appeal.

Plaintiff argues the trial court erred in holding that the motion for judgment failed to state a cause of action against Kincaid and in declaring the default judgment void on that basis. Landcraft asserts that the pleading is sufficient to apprise defendant of the nature of plaintiff's demand and, when reasonably construed, charges that Kincaid took part in the control of the partnership business so as to vitiate the statutory immunity established by Code § 50-50, note 5. Kincaid responds by contending Landcraft "attempted to assert a right not legally available" to it. Relying on Code § 50-44, *supra* note 2; Code § 50-60, dealing with a limited partner's liability to the partnership; and Code § 50-69, *supra* note 3, Kincaid contends a limited partner is immune from suits by partnership creditors except under certain special circumstances not applicable here. Plaintiff rebuts that argument by saying that Kincaid has mistakenly assumed that it seeks to impose liability upon him under Code § 50-60, which provides for a limited partner's liability *to the partnership*. Instead, plaintiff points out, it is a creditor of the partnership seeking to hold Kincaid under

---

[5] Code § 50-50 provides:

A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business.

Code § 50-50 because Kincaid took "an active role in partnership affairs."

As a general proposition, a default judgment is valid if the trial court had territorial jurisdiction, subject-matter jurisdiction and if adequate notice has been given to the defaulting party. *Restatement (Second) of Judgments,* Introductory Note at 20 (Tent. Draft No. 6, 1979). But one of the bases upon which such a judgment may be invalidated is when the motion for judgment fails to state a cause of action; under such circumstances, "that failure is held to disable the court from entering a valid default judgment." *Id.,* § 113, Comment d at 24. *Accord, Cragin* v. *Lovell,* 109 U.S. 194, 199 (1883); *Travelers Indemnity Co.* v. *Nationwide Construction Corp.,* 244 Md. 401, 410-11, 224 A.2d 285, 290 (1966); *Stevens* v. *Barbour,* 193 Miss. 109, 116, 8 So.2d 242, 244 (1942); 3 A. Freeman, *Law of Judgments* § 1299 at 2695 (5th ed. 1925). The foregoing principle stems from the proposition that courts may not properly on their own accord set themselves in motion. They have no power to adjudicate issues which are not presented by the parties in their pleadings unless the parties voluntarily try an issue beyond the pleadings. Such a judgment beyond the issue is not merely irregular, it is extrajudicial and invalid. 1 Freeman § 355 at 737-39. Consequently, our immediate inquiry on this branch of the case is to determine whether the pleading adequately supports a cause of action.

We agree with plaintiff that the language of the motion for judgment is sufficient to state a cause of action against Kincaid under Code § 50-50. We think the allegations of the pleading, reasonably construed, support an inference that Kincaid took part in the control of the business of Kings Highway Associates.

As we examine the motion for judgment, we note that in addition to naming Kincaid as a party defendant in the caption, plaintiff asserted in paragraph 2 of the pleading that Kincaid was a limited partner in Kings Highway Associates. The motion for judgment next set forth the date and substance of the construction contract, followed by an assertion in paragraph 4 that plaintiff performed certain work pursuant to the contract. Then plaintiff alleged that "Defendants" had previously received copies of a bill for the work done and had verified its accuracy. Plaintiff next asserted that a sum in excess of $7,000 was "due and owing by the Defendants on the amount billed."

In paragraphs 5 and 6, Landcraft alleged that Berlage-Bernstein required it to stop the work it was performing under the contract, resulting in delays which caused plaintiff to incur additional expense for labor and material. Then, in paragraph 7, plaintiff asserted "that De-

fendants did sell the subject property of the contract with the knowledge and purpose of breaking Landcraft's contract and depriving Landcraft of valuable rights thereunder." The pleading concludes with an allegation that plaintiff sustained a loss of profits approximating $17,000 because the contract was breached before plaintiff could fully perform.

We believe the trial court erred in deciding the motion for judgment "does not aver that [Kincaid] took part in the control of the partnership." While the pleading may be in need of amplification through a bill of particulars and while it may be a candidate for amendment, we cannot say it is wholly insufficient or a nullity. Throughout the motion for judgment the allegations plainly declare an intention to recover against not only Berlage-Bernstein but also Kincaid. Moreover, paragraph 7, by use of "Defendants" in the plural, asserts that Kincaid sold the property that was the subject of the construction contract with the knowledge and for the purpose of breaking the contract. Reasonably to be inferred from that allegation is that Kincaid participated in the sale of the partnership asset knowing such act was a breach of the contract with plaintiff. Such averment imports Kincaid took an active and not passive role in the control of the business of the partnership. We do not decide whether Kincaid's conduct as alleged would be sufficient to waive the protection of Code § 50-50; determination of that question would depend on the evidence adduced upon the trial of such issue. *See generally* Feld, *The "Control" Test for Limited Partnerships,* 82 Harv. L. Rev. 1471 (1969). We only decide that the instant motion for judgment was sufficient to state a claim upon which relief properly could have been granted to plaintiff.

■ Resolution of the foregoing issue does not end our review of this case. It will be recalled that the trial court initially ruled Kincaid could not be held liable for plaintiff's claim because he was not a member of the partnership on the date of the construction contract. From the record we cannot determine the basis for that finding of fact by the trial judge; it apparently was premised on copies of documents filed as an exhibit with Kincaid's memorandum of law in support of his motion to set aside. The copies were attested by the clerk of the trial court, the originals having been admitted to record by the clerk in March of 1971. They included what purports to be an amendment of the certificate of limited partnership by which Kincaid sold his interest in Kings Highway Associates.

On appeal, Kincaid embraces this alternative holding and argues that the "serious factual misstatement" in the motion for judgment as to Kincaid's status as a limited partner on the date of the contract

"was properly considered by the trial court in the Motion for Reversal of Default Judgment." Kincaid also contends that the trial court could take judicial notice of its own land records and thus was justified in determining that plaintiff's factual allegations as to Kincaid's status were erroneous as a matter of law.

In response, plaintiff argues that Code § 8-348, *supra* note 4, "does not permit a defendant in default to set aside the judgment against him by alleging facts which, if proven, would constitute a defense to the original pleadings."[6] Landcraft points out that Kincaid has not asserted any excuse for his failure to file responsive pleadings and, given the narrow construction this Court has applied to § 8-348, the trial court erred in vacating the default judgment when defendant had been personally served and when plaintiff had strictly complied with all of the formalities of this Court's rules of pleading in civil actions. We agree with plaintiff.

Under the first sentence of Code § 8-348, a trial court "can reverse a default judgment only for errors for which this Court might reverse the judgment." *Federal Realty & Development Corp.* v. *Litterio & Co.,* 213 Va. 3, 5, 189 S.E.2d 314, 315 (1972). The balance of the statute, insofar as pertinent here, permits correction of certain clerical errors appearing on the face of the record. *See Shipman* v. *Fletcher,* 91 Va. 473, 488-89, 22 S.E. 458, 463-64 (1895); *Davis* v. *Commonwealth,* 57 Va. (16 Gratt.) 134, 135, 137 (1861). Although Kincaid initially based his motion to set aside upon "a mistake cognizable within the provisions" of § 8-348, he correctly does not argue that a clerical mistake has occurred; rather, he relies on the first sentence of the statute. Consequently, in reviewing the trial judge's ruling on this aspect of the case, the question is whether, independently of the issue discussed in the first part of this opinion, there was error in the default judgment for which this Court could reverse the judgment. We conclude there was not.

There was full compliance by plaintiff with each procedural requirement leading to the judgment by default. The motion for judgment was properly filed in the clerk's office below and process duly served six weeks after the action commenced.[7] There can be no question the

---

[6] In the trial court, plaintiff also challenged the validity of the purported Amendment of Certificate of Limited Partnership, asserting it failed to comply with applicable statutory requirements.

[7] Rule 3:3 provided, in part:

No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

notice of motion for judgment amply notified Kincaid of the consequences of a default. The notice, to which was attached the motion for judgment, stated, in accordance with Rule 3:3:

> You are hereby notified that unless within twenty-one (21) days after service of this Notice of Motion for Judgment on you, response is made by filing in the Clerk's Office of this court a pleading in writing, in proper legal form, judgment may be entered against you by default without further notice.

Kincaid, for a reason not explained in the record, failed to plead or otherwise appear. Under Rules 3:5 and 3:17, *supra* note 1, he was in default when he failed to timely file responsive pleadings.[8] After Kincaid became in default, plaintiff went beyond the requirements of Rule 3:17 and gave Kincaid notice by mail that a judgment by default would be sought. There was still no appearance by Kincaid and the judgment was entered based, as we have said, upon proceedings which were free of any irregularity. Under Rule 1:1, the judgment remained under the control of the trial court and was subject to be modified or vacated for 21 days after the date of entry, and no longer.

In *Litterio, supra,* the defaulting party was denied relief under § 8-348 under circumstances similar to those in this case. There, the defendant corporation had been properly served through its registered agent and failed to plead. Seven months after entry of a default judgment, defendant filed a motion to set aside, relying on the statute. In a supporting affidavit, defendant alleged that plaintiff had sued defendant in a federal court on the same claim, which had been actively defended, and that defendant's counsel learned of the default judgment about a month after entry, at a time when plaintiff had moved to dismiss the federal action without prejudice. This Court, noting compliance with the procedural requirements preceding the judgment, said that it would have no ground for reversing the judgment and that the trial court properly refused defendant's motion to set aside.

In *Levine* v. *Lacy,* 204 Va. 297, 130 S.E.2d 443 (1963), a judgment by default was entered when defendant failed to plead in a timely manner in the state court but had removed the case to a federal court from which it was subsequently remanded. In holding the trial

---

[8] Rule 3:5 provided, in pertinent part:

A defendant may within twenty-one days after service on him of the notice of motion for judgment file in the clerk's office his pleadings in response, and if he fails to file a pleading he is in default.

court properly refused to set aside the default judgment, this Court said:

> Rules 3:5 and 3:19 [now 3:17] were adopted in the interest of expediting the maturing and hearing of cases. A defendant is warned when he is served with process as to the time within which he must make his response. He may have an extension of that time if he makes proper application and shows reasonable cause therefor. Otherwise, the Rules are to be applied according to their terms.

204 Va. at 302, 130 S.E.2d at 447.

In *Cooper* v. *Davis,* 199 Va. 472, 100 S.E.2d 691 (1957), this Court affirmed the trial court's action in refusing to vacate a default judgment, defendant's motion to set aside having been filed on the same day judgment was entered. There, defendant had been sued for damages resulting from personal injuries sustained on premises alleged to have been owned and controlled by defendant. In post-judgment proceedings, defendant denied having been served with process and, by affidavit, denied that the premises were owned or controlled by him at the time of the alleged injuries. This Court held the trial court properly exercised its discretion in refusing to relieve defendant of the default, noting, "The trouble with the defendant's contention is that his diligent pursuit for judicial relief was begun too late." 199 Va. at 476, 100 S.E.2d at 694.

In the present case, Kincaid waited too long to mount his defense. After the fact of the default judgment the trial court could not properly consider evidence, by judicial knowledge or otherwise, and find the factual allegations of the original pleading inaccurate.[9]

Hardship may have resulted from the unexplained failure of Kincaid to promptly respond to pleadings which imposed upon him a substantial monetary burden. But he was the architect of his own misfortune. To relieve a defendant of the consequences of such conduct would be to encourage it. Diligence and vigilance would cease to be the rule; certainty in the result of judicial proceedings would be destroyed when, due to the complexities of modern-day business, "a high degree of finality" must attach to judgments. *Powell* v. *Beneficial Finance Co. of Lynchburg,* 213 Va. 647, 649, 194 S.E.2d 742, 745 (1973); *Hill* v. *Bowyer,* 59 Va. (18 Gratt.) 364, 385 (1868).

Consequently, this Court would have had no ground for reversing

---

[9] We do not reach for decision the question whether a trial court in Virginia may take judicial notice of its own land records under these circumstances.

the default judgment and the trial court erred in setting it aside under Code § 8-348.

For the foregoing reasons, the order of the court below will be reversed and the default judgment entered April 9, 1976 will be reinstated.

*Reversed and final judgment.*