## CIRCUIT COURT OF THE CITY OF RICHMOND

Chippenham Hosp., Inc.

v.

Harrison Tinsley, Jr.

Case No. LU-4540–4

Ellen Sonner

v.

Chippenham Hosp., Inc.

Case No. LW-636–3

March 9, 1994

BY JUDGE ROBERT L. HARRIS, SR.

In these connected cases, Ellen Sonner seeks to clear the title to realty transferred to her by Commissioner's Deed, dated September 14, 1992, from the prior owner, Harrison James Tinsley. The subject property had previously been owned jointly by Sonner and Tinsley. Approximately one and one-half years before the transfer, Chippenham Hospital had obtained, in general district court, a default judgment against Tinsley for non-payment of hospital bills. Ms. Sonner subsequently asked the general district court to set aside its default judgment for alleged improper service on the judgment debtor. This appeal resulted from the court's denial of that motion. The penultimate question which arises is whether Ms. Sonner, as a non-party in the original suit which resulted in the default judgment, has standing to challenge the validity of that judgment.

The Court finds that the answer to this initial question is controlled by the ruling of the Virginia Supreme Court in *Gulfstream Bldg. Assoc. v. Britt*, 239 Va. 178, 387 S.E.2d 488 (1990), and, accordingly, rules that Ms. Sonner does have standing to challenge the original judgment.

> A non-party . . . may maintain a suit to set aside [an] allegedly damaging judgment if he has an interest which is jeopardized by enforcement of the judgment and the circumstances support a present grant of relief. The right of the non-party must have existed at the time the judgment was rendered.
>
> The Brinkleys suggest that to meet this standard the present claimant must have possessed the right prejudiced by the action at the time the judgment of which they complain was entered. The Brinkleys maintain, therefore, that Gulfstream did not have the requisite pre-existing right because it did not acquire title . . . until 1984.
>
> In *Wilcher [v. Robertson*, 78 Va. 602 (1884)], the plaintiffs traced their title to an 1840 deed of sale from a special commissioner based on litigation commenced in 1829. The defendants' title claim did not arise until 1852 when their predecessor, Richard Wilcher, received his patent from the Commonwealth. "It is plain, therefore, that neither [the defendants], *nor any other under whom they claim*, were prejudiced by that decree." *Id.* at 617. *In a case involving title to land, Wilcher only requires that the prejudiced right or interest have been in existence at the time of the judgment and that it belonged either to the present claimant or to his predecessor in interest. Id.* at 178, 182, 387 S.E.2d at 490 (emphasis added) (final alteration in original).

Like the plaintiff in *Gulfstream*, Ellen Sonner's interest is deemed to have existed at the time of the default judgment because the property interest at issue was owned by her predecessor in interest, Tinsley. Chippenham Hospital, in an earlier memo filed with the district court, basically does not dispute that in a separate action, Ms. Sonner would be a proper party; however, it is asserted that this motion to set aside is not a "separate action." (*See* Chippenham Memorandum to Judge Wimbish, p. 3, Oct. 16, 1992). Chippenham distinguishes *Gulfstream* from the instant case by arguing that *Gulfstream* involved a separate equity action of ejectment. However, that assertion is only partially correct. The Defendants in *Gulfstream* did originally file an ejectment action against Gulfstream, but the appellate case arose not only from that ejectment action, but from a motion to vacate filed by Gulfstream. *See Gulfstream*, 239 Va. at 181, 387 S.E.2d at 490. It was that motion

to vacate which the court found Gulfstream had standing to pursue. *See id.* at 182–83.

Accordingly, the Court rules that Ms. Sonner does have standing to challenge the validity of Chippenham's judgment against Mr. Tinsley. However, the Court also notes that, given the high degree of finality which attaches to judgments, *see Landcraft Co. v. Kincaid*, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980), Ms. Sonner will face a significant burden in demonstrating that Chippenham's judgment should be set aside.

At this juncture, it appears to the Court that the judgment creditor followed the statutory requirements of section 8.01-296(2)(b) and satisfactorily accomplished substituted service by posting at the address of the judgment debtor. It will fall to Ms. Sonner to prove that those requirements were not met because, as she has alleged, the dwelling upon which notice was posted was no longer the judgment debtor's "usual place of abode." *See* Va. Code Ann. § 8.01–296(2)(b) (1992).

The Court also notes the particular relationship between Ms. Sonner and the judgment debtor; indeed, as noted earlier, the property involved in these combined cases was once jointly owned and inhabited by both. This relationship opens the question whether, even if service on the judgment debtor was technically defective, he may have received actual notice of the suit. *See id.* § 8.01–288. Ultimately, the result in this dispute may depend upon whether equity, which "must be evaluated on a case-by-case basis," *Gulfstream Bldg. Assoc.*, 239 Va. at 185, 387 S.E.2d at 492, should afford the relief sought by Ms. Sonner.