CIRCUIT COURT OF FAIRFAX COUNTY

Yu

v.

Wu et al.

November 14, 1994

Case No. (Law) 123746

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant Wu's motion to set aside a default judgment entered against her by this Court on April 8, 1994. As a general proposition, a default judgment is valid if the trial court had territorial jurisdiction, subject-matter jurisdiction, and if adequate notice was given to the defaulting party. *Landcraft Co, Inc. v. Kincaid*, 220 Va. 865 (1980) (citing Restatement (Second) of Judgments, Tent. Draft No. 6, Introductory note at 20 (1979)). Whether relief from a default should be granted is generally a question resting in the sound discretion of the trial tribunal. *Blinder & Co. v. State Corporation Commission*, 227 Va. 24, 28 (1984). Where the motion for judgment fails to state a cause of action, however, such judgment is invalid and, as a matter of law will be set aside. *Landcraft*, 220 Va. 865.

Neither negligence nor carelessness is generally a viable basis for setting aside a default; nor is inadvertence or failure to exercise due diligence under the circumstances in responding to legal procedures. *Id. See also Cooper v. Davis*, 119 Va. 472, 476 (1957) (Court may properly refuse to extend time set to file responsive pleadings in the absence of reasonable legal excuse).

The action which is the subject of the default judgment in this case was originally part of a suit in chancery which sought an injunction, dissolution of the partnership, an accounting, and damages for various legal claims. The defendant timely responded to the chancery action, filing a

demurrer, which was sustained by agreement of counsel, leaving only the equitable claims pending in the equity cause. The remaining allegations, together with several new legal claims, were filed at law shortly thereafter.

Process of the law case was served by posting. Defendant Wu states, however, that at the time she was out of state and did not receive the suit papers. No answer was filed. Nevertheless, the suit in chancery continued to be fully prosecuted and defended by defendant through counsel. At no time during the pendency of the chancery case was any mention made to counsel for the defendant that a second action had been filed, raising the same tort claims dismissed from the original chancery suit. No courtesy copy was sent, and counsel was not advised that defendant was in default.

Counsel for the plaintiff contends that the defendant's explanation for failing to respond to the action is not credible. While acknowledging some inconsistencies in the defendant's statements, I do not find them to be unworthy of belief. The active defense of the equity matter makes it particularly difficult to believe that the defendant would have flatly ignored the suit papers had she received them. Such inconsistent positions regarding the same dispute defies common sense and supports the truthfulness of her explanation. While the failure to receive properly served process alone may not warrant setting aside the default judgment, when considered together with the pleading deficiencies existing in this case, I believe the result is compelled.

First, plaintiff's Count I, Breach of Fiduciary Duty, fails to state a cause of action as a matter of law, as it grows out of the partnership relationship alleged to exist between the parties. A general partner cannot bring an action against another partner until the partnership is dissolved and a final accounting is made. *Dulles Corner Properties v. Smith*, 246 Va. 153, 155 (1993).

Second, Count II, Fraud and Deceit, and Count III, Intentional Infliction of Emotional Distress and Gross Negligence, appear to simply restate Count I, Breach of Fiduciary Duty, notwithstanding their captions. As stated above, a default judgment cannot be awarded on the claims set forth in Count I. Finally, to the extent they purport to set forth independent causes of action, I find them to be likewise insufficient.

The last count in this case, Count IV, Willful and Malicious Mutual Undertaking to Injure Plaintiff's Trade, Business and Profession, also fails to state sufficient grounds to establish a viable cause of action. Virginia Code §§ 18.2-499 and 18.2-500 make it unlawful for two or more persons to combine for the purpose of willfully and maliciously injuring others in

their trade or business. *See Allen Realty Corp. v. Holbert*, 227 Va. 441, 318 S.E.2d 592 (1984). The Virginia Supreme Court has held that in order to constitute a conspiracy under the statute, the primary purpose of the conspiracy must be to injure the victim's reputation, trade or business, motivated by hatred, ill-will or spite. *Greenspan v. Osheroff*, 232 Va. 388 (1986). This is so even if the defendant is also motivated by secondary concerns such as personal gain. *Id.* While the motion for judgment sets forth conclusory allegations that the defendants' actions were undertaken for the purpose of injuring plaintiff in her trade, the facts alleged describe a scheme whereby defendants sought primarily to further their own pecuniary interests. While plaintiff may have been incidentally injured by defendants' actions, the facts do not support a finding that defendants were motivated by hatred, ill-will or spite toward plaintiff.

For the above-stated reasons, the defendant's motion to set aside the default judgment is granted.