## CIRCUIT COURT OF LOUDOUN COUNTY

Cyrilla

v.

United Airlines

January 12, 1999

Case No. (Law) 20824

BY JUDGE THOMAS D. HORNE

The Court has taken under advisement defendant's most recent Motion for Reconsideration. This is the third such motion to be passed upon by the Court. Defendant alleges for the first time that plaintiff's Motion for Judgment fails to state a cause of action upon which relief can be granted.

Default judgment may not be awarded where the claim asserted fails to state a cause of action. *Landcraft Co. v. Kincaid,* 220 Va. 865 (1980). Therefore, if plaintiff's allegations of breach of contract and of fraud are deficient, the judgment rendered against United Airlines is void and must be set aside.

In its determination of the issue, the Court may consider the matters pleaded and the reasonable inferences to be gleaned from such allegations. *Id.* at 871. Proffers of facts not pleaded have not affected the instant decision.

The reader may fairly conclude from the facts pleaded and the reasonable inferences to be drawn from such facts that United breached its settlement agreement with the plaintiff. Plaintiff concedes that his employment as a mechanic with United was contingent upon his having satisfactorily completed all phases of the employment process. This was an express term of the settlement agreement upon which relief is predicated. Under such circumstances, relief may not be granted unless he has alleged either performance of such conditions or an excuse for non-performance. *Flippo v. F & L Land Co.,* 241 Va. 15, 22 (1991).

Plaintiff alleges that he took the second test as required by the settlement agreement. He was then not extended employment. The reason offered by United as the "basis" for refusing him the promised employment was, according to the plaintiff, "patently false." It may be fairly inferred from the pleadings that this was the singular reason for denying employment to the plaintiff and that but for such conduct, United conceded his having qualified for the position.

Accordingly, the Court will deny the Motion to Reconsider as to Count I of the Motion for Judgment.

However, plaintiff's fraud count fails as a matter of law. *Metrocall of Delaware, Inc. v. Continental Cellular Corp.*, 246 Va. 365 (1993). As the Court noted in *Metrocall*:

> When one party ... freely and for consideration, releases and promises not to sue for failure to disclose material facts and for misrepresentation, that party will not be heard to claim that the promise was fraudulently induced because material information was, in fact, not disclosed.

*Id.* at 375.

Plaintiff alleges that at the time the September settlement agreement with United was signed, he believed he had passed the necessary examination that was a prerequisite to his employment as a mechanic. This was a fact which at the time was disputed by United. As a result of the settlement, the plaintiff was required to retake the examination.

In the instant motion for judgment, he contends that United's assertion that he had failed the examination was false and that this misrepresentation caused him damage. However, the false representation concerning the examination was made prior to the execution of the settlement agreement that serves as a basis for the breach of contract action. Any such misrepresentations were known by the plaintiff and released by the settlement. They may not now serve as the basis for an action for fraud. Plaintiff also contends that United used the settlement as a "guise" to circumvent plaintiff's efforts to obtain the employment he wanted. However, it is material misrepresentation or concealment of fact resulting in damage which are the linchpins of an action for fraud. The intentions of the defendant, however nefarious, do not constitute grounds for a recovery of damages.

Accordingly, the Court finds that the Motion for Reconsideration should be denied as to the contract count but granted as to the fraud count. The case

will go forward on the issue of compensatory damages for breach of the contract. Count II will be dismissed.