COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


ROSANNE THERESA LEBLANC GOLDMAN (WEST)

                                    MEMORANDUM OPINION* BY
v.    Record No. 2662-00-3        JUDGE RUDOLPH BUMGARDNER, III
                                          OCTOBER 23, 2001
HENRY MARVIN GOLDMAN, III


          FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                  George E. Honts, III, Judge

      Rena G. Berry for appellant.

      William H. Lindsey (William H. Lindsey, P.C.,
      on brief), for appellee.


     Rosanne Goldman West brings this appeal contending the

commissioner in chancery 1) exceeded his authority by modifying

support arrearages, 2) erroneously found she was not entitled to

reimbursement for medical bills, and 3) improperly apportioned

sale proceeds from Florida real estate.  We conclude the wife

did not object to the order that adopted and approved the

commissioner's findings for the first two questions presented.

Further, we conclude the trial court did not err in ordering the

wife to pay the husband $8,115.20, which represented his share

of the Florida money less other expenses he owed her.

Accordingly, for these reasons, we affirm.

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties married November 20, 1981, separated November 6, 1995, and divorced May 27, 1997.  In a separation agreement dated April 17, 1997, the parties waived spousal support.  They agreed to divide evenly the proceeds from the sale of the marital residence in Virginia and the unrealized proceeds from the sale of land in Florida.[1]  The final decree of divorce incorporated the separation agreement.  It also decreed joint legal custody of the two minor children with physical custody to the husband, and ordered the wife to pay child support.

The parties continued to litigate after the final decree primarily because of their changing arrangements and desires for physical custody of the children with resulting shifts in demand for spousal and child support.  This appeal arises from a snarl of pleadings and hearings that culminated when the wife gave notice for a hearing to address all unresolved issues.  The husband received the notice but did not appear apparently because the wife's attorney had not coordinated the date, October 1, 1998, with his attorney.  The husband also received notice of tender of the order for that hearing in accord with Rule 1:13.

The trial court entered the order November 13, 1998.  It granted the wife legal and physical custody of both children and ordered the husband to pay $325 spousal support and $359 child

_____

[1] The parties held a $20,000 note on which they received monthly interest payments of $200 until the balance came due.

-

support monthly. It found the husband delinquent in both child and spousal support and entered judgments of $5,850 against him for each arrearage. The order was a final order, and the husband did not appeal.

On June 16, 1999, the wife filed a motion for the husband to show cause for failure to pay. On September 22, 1999, the trial court suspended its November 13, 1998 order and referred the remaining financial and property issues to a commissioner in chancery.

The commissioner's report carefully reviewed the involved procedural history after the divorce and delineated four areas of unresolved dispute: spousal support arrearage, current and past due child support, unreimbursed medical bills, and personal property. The report noted the wife was not entitled to the arrearage previously decreed because she waived spousal support in the property settlement agreement and no order ever decreed it. Likewise, the report noted the court never ordered the husband to pay child support before the order of November 13, 1998. The report recommended the husband only pay past child support from November 18, 1998 through September 1, 1999, or $2,925. The report concluded that the wife was not entitled to any payments for medical bills because she had not maintained insurance for one child as previously ordered nor submitted evidence of out-of-pocket medical expenses. Finally, the report allocated the proceeds received from the Florida property.

-

The trial court heard the wife's exceptions to the commissioner's report on March 21, 2000 and marked the report "confirmed."  By order dated May 3, 2000, it approved the findings and adopted the concluding recommendations made for each area of dispute, though it updated the totals for accruals occurring after the commissioner's calculations.  The trial court decreed the wife was not entitled to any arrearage for spousal support, she was only entitled to an arrearage in child support from November 18, 1998 through September 1, 1999 of $2,925, she was not entitled to reimbursement for any medical bills, and she owed the husband half the principal payment received by her on the Florida note, $10,000, and half the interest received by her over the previous two years, $2,400.

The trial court resolved all objections to the commissioner's report in a consent order to which neither party objected nor excepted.  In fact, both parties endorsed the order by counsel as "We ask for this Order."  It was a final order and removed the case from the docket.  On June 8, 2000, the trial court reinstated the case on the husband's motion that he had received a check from the wife that did not comply with the previous order.  The wife objected to the reinstatement because the issue had been "properly adjudicated."  By order entered October 16, 2000, the trial court ordered the wife to pay the husband $8,115.20, representing his share of the Florida proceeds less amounts he owed her.

-

This appeal arises from the wife's exceptions to the October 2000 order.  All but one of the exceptions relate to the initial decision to refer matters to the commissioner in chancery or to the report made by the commissioner.  Those issues were before the court when it entered the earlier consent order on May 3, 2000 that adjudicated the matters raised by exception to the commissioner's report.

The first question presented on appeal is primarily an argument that the trial court cannot change its earlier ruling that the husband owed arrearages of $5,850 each for child and spousal support.  The wife maintains the order of November 13, 1998 was a final order, and after 21 days with no appeal, the judgment is final.  Her argument is correct.  "The Rule is clear.  After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and absent a perfected appeal, the judgment is final and conclusive."  Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) (citations omitted).  Though the judgment for arrearages was incorrect as later realized by the commissioner in chancery and the trial court, the husband could not complain because he "was the architect of his own misfortune."  Landcraft Company, Inc. v. Kincaid, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980).  He would have been bound by the final judgment that he permitted to arise.

-

We find, however, the wife is in the same plight as the husband. The wife requested the trial court enforce the judgment for arrearages by contempt and moved it to rule on several pending motions. When the trial court took up the matters and referred them to the commissioner, it had the parties before it and had authority over the subject matter of their dispute. The wife excepted to the commissioner's report, but she did not specify the objections she now makes. Most importantly, she consented to the order accepting the commissioner's report and correcting the earlier order fixing erroneous arrearages. That was a final order, not appealed, entered more than 21 days before the next action. For the same reasons the wife argues the husband is bound by the November 13, 1998 final order, she is bound by the May 3, 2000 final order. Though she argues that she did not understand the May order until October, she is the architect of her misfortune by consenting to the earlier final order. Fortunately, the two failures to act timely cancel themselves, and the end result is correct.

The wife's consent to the order of May 3, 2000 also forecloses consideration of her second question presented. While she did raise the issue in her exceptions to the commissioner's report, she consented to the order that adjudicated the issue. The judgment denying reimbursement for medical bills became final and conclusive.

-

The final question presented by the wife, apportionment of the Florida sale proceeds, arises from the last final order. That order of October 16, 2000 decreed the wife owed $8,115.20, which was the husband's share of the proceeds from the Florida sale offset by amounts the trial court had ordered him to pay her.  The trial court had previously decreed various sums owed by the parties, but it had not offset them into a single obligation.  The wife concedes that she received the Florida sale proceeds and the husband was entitled to half.  She asserts that she impressed the funds in her control with a trust because she claimed he owed her for the support arrearages.  However, she was not entitled to offset those claims in direct opposition to unappealed final orders which denied the arrearages.

For the reasons stated, we affirm.

<u>Affirmed.</u>

-