## CIRCUIT COURT OF FAIRFAX COUNTY

Mary M. Harlow

v.

Bekins A-1 Movers, Inc., et al.

July 2, 2002

Case No. (Law) 199684

By Judge Leslie M. Alden

This matter came to be heard upon the 3rd day of May, upon the Motion to Set Aside Judgment by Default filed by the Defendants Bekins A-1 Movers, Inc. ("Bekins A-1") and Bekins Van Lines Co. ("Bekins Van"); upon Opposition to the Motion to Set Aside Judgment by Default by Plaintiff, Mary M. Harlow; and upon the argument of counsel in open court. The issues under advisement are as follows.

(I) Are Counts I, II, and III of the Motion for Judgment preempted by federal legislation, namely, the Carmack Amendment to the Interstate Commerce Act ("Carmack"), and thus, the judgment must be set aside as void?

(II) Are Plaintiff's claims in the Motion for Judgment sufficient to state a cause of action to preserve the Judgment by Default, when Plaintiff fails to mention the preemptive Carmack Amendment in the Motion for Judgment?

For the reasons set forth herein, the Court concludes that Carmack does preempt Plaintiff's state law claims. However, this Court has jurisdiction to hear Carmack claims and concludes that Plaintiff's Motion for Judgment is sufficient to state a claim upon which relief may be granted, as it substantially alleges a Carmack claim. Further, Plaintiff adequately apprised the

Defendants of Plaintiff's intention to recover for damages due to the Defendants' breach of contract and negligence. However, because Plaintiff's claim for damages is restricted by the Interstate Commerce Commission ("ICC") and the Carmack provisions, punitive damages and attorney's fees are not recoverable. Therefore, the Motion to Set Aside Judgment by Default to Counts I and II is overruled. The Virginia Consumer Protection Act § 59.1-196, et seq. ("VCPA") does not apply to claims that are regulated by federal law; therefore, Plaintiff's claim under VCPA may not proceed, and the Motion to Set Aside Judgment by Default to Count III is granted.

*Factual Background*

Bekins moves to set aside Plaintiff's Judgment by Default under Va. Code § 8.01-428(A) on the ground that the judgment is void because Plaintiff's state law claims are preempted by federal law. Plaintiff answers that Bekins' arguments constitute an affirmative defense that was waived by its default in the original action.

The plaintiff, Harlow is a resident of Fairfax County. Harlow entered into a contract with Bekins A-1 and Bekins Van to transport Harlow's personal property from a home in Virginia to homes in Virginia and Massachusetts. Bekins A-1 is registered to do business in Virginia and is engaged in the business of packing, transporting, and storing items of personal property for customers. Bekins Van is a foreign corporation with its principle place of business in Illinois, which packs, stores and moves household goods (referred to as "property"). Harlow claims that at the time Bekins A-1 took possession of her property, the property was in excellent condition. However, when the property was delivered to the home in Massachusetts, the property was severely damaged.

Harlow filed a Motion for Judgment on November 6, 2001, in Fairfax Circuit Court against the defendants, Bekins A-1 and Bekins Van, for damages incurred while the property was in the Defendants' possession. Service of process was completed on Bekins A-1 on November 19, 2001, and Bekins Van was properly served with the Motion for Judgment through the Secretary of the Commonwealth on November 28, 2001. Defendants neither filed responsive pleadings nor otherwise made an appearance in the case. On January 11, 2002, the Honorable Dennis J. Smith heard evidence ore tenus, and the Court entered judgment on the state law claims of Breach of Bailment Contract (Count I), Gross and Willful Negligence (Court II), and a violation of VCPA (Count III). The court ordered Defendants to pay actual damages of

$29,291.90 on each common law claim and ordered treble damages and reasonable attorney's fees under VCPA, for a total judgment of $91,977.70.

Defendants did not file a Motion for Reconsideration or other pleading within twenty-one days of the date of judgment as provided under Rule 1:1 of the Rules of the Supreme Court of Virginia. However, on April 18, 2002, Defendants filed a Motion to Set Aside Default Judgment on the ground that Plaintiff's Default Judgment was void.

## Analysis

(I) *Plaintiff's Breach of Bailment Contract (Count I), Gross and Willful Negligence (Count II), and violation of Virginia Consumer Protection Act (Count III) claims are preempted by federal statute*

Bekins A-1 and Bekins Van (hereafter referred to collectively as "Bekins") argue that Plaintiff's Motion for Judgment fails to state a claim upon which relief may be granted because Plaintiff's causes of action rest on state law that is preempted by federal law. Congress, through the Interstate Commerce Act ("ICA"), delegated to the Secretary of Transportation and the ICC the power to adopt rules to regulate motor carriers. 49 U.S.C. § 301 et seq. The federal law that preempts Plaintiff's claims is known as the Carmack Amendment, which provides that carriers subject to jurisdiction under the Surface Transportation Board or the Secretary of Transportation:

> Are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed . . . is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading.

49 U.S.C. § 14706.

The United States Supreme Court determined that the Carmack Amendment superceded all state regulation with respect to claims arising out of such liability" of the common carrier. *Hairston Motor Co. v. Newsome,* 253 Va. 129, 134, 480 S.E.2d 741, 743 (1997) (citing *Adams Express Co. v. Croninger,* 226 U.S. 491, 57 L. Ed. 314, 33 S.Ct. 148 (1913)). In *Newsome,* the Supreme Court of Virginia ruled that the property lost by the plaintiff was

"indisputably [a claim] against common carriers arising from loss or damage of goods in interstate transportation. Hence, they are controlled by federal law, which preempts state regulation of liability." 253 Va. at 135, 480 S.E.2d at 744. The Court concluded that a breach of contract claim falls within the reach of the Carmack Amendment when the claim relates to the transfer of property by a "delivering carrier." Newsome, 253 Va. at 136, 480 S.E.2d at 744. In the instant case, Bekins is in the business of transporting property and entered into a bailment contract to deliver Harlow's property from Virginia to Massachusetts. Thus, the Carmack Amendment governs both Bekins A-1 and Bekins Van, and the Carmack Amendment preempts Plaintiff's state law Breach of Contract claim.

Harlow argues that Carmack does not apply to the property damage because, "the sine qua non of the application of the Carmack Amendment is that the damage to the goods must occur during an interstate transfer." (Pl.'s Ans. to Mot. to Set Aside Judm. by Default, 4.) Harlow contends that her claim is an intrastate claim and that the damage occurred in Virginia. Therefore, she contends that her claims against Bekins A-1 can survive as state claims. She argues further that Carmack's application to Bekins is a contested matter of fact that might have been raised by the Defendants in a timely manner in the original proceeding. Defendants respond by asserting that a shipment originating in one state and ending in another is an interstate shipment covered by Carmack. The Court agrees with the Defendants.

Whether the shipment in this case is interstate or intrastate transportation of property is governed by *United States v. Erie R.R.*, where the Court ruled that it is the "essential character of the commerce" that must be used to determine if a shipment is under the jurisdiction of federal law. 280 U.S. 98, 102, 74 L. Ed. 187, 50 S. Ct. 51 (1929) (where the Court ruled that the intrastate leg of an international shipment brings the shipment under the jurisdiction of the ICC and federal law). The Court ruled that the intrastate part of an international shipment "initiated or completed under a local bill of lading which is wholly intrastate" falls within the jurisdiction of the ICC and is governed by federal law where the shipment is intended to leave the originating state. *Id.* This governance is not affected by the fact that the shipment is initiated or completed under a local bill of lading that is wholly intrastate, nor that the shipment is in storage before or after the shipment on the local bill of lading. These factors do not affect the federal law's jurisdiction. *Id.*

Applying this rationale, the Fifth Circuit Court of Appeals has ruled that if a "shipment comes to rest within the state of origin and the goods are thereafter disposed of locally, the interstate character of the shipment is lost, but temporary stoppage within the state, made necessary in furtherance of the interstate carriage, does not change its character." *Texas v. Anderson, Clayton & Co.*, 92 F.2d 104, 107 (5th Cir. 1937); see *Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F.2d 697, 699 (11th Cir. 1986). Here, Harlow intended "to sort, pack, transport, store, and deliver various items . . . from [Harlow's] former home in Virginia to her new homes in Virginia and Massachusetts." (MFJ, ¶ 6.) Under 49 U.S.C. § 13501, the Secretary of Transportation has jurisdiction of a shipment that begins in one state and ends in another state. Plaintiff intended the shipment to be picked up in Virginia and delivered in Massachusetts, and the damage alleged by Harlow is to the property delivered to the Massachusetts home, not the Virginia home. Because Carmack governs "actual loss or injury" to shipments subject to federal jurisdiction, Carmack applies to property damage sustained after Bekins A-1 took receipt of the property at the home in Virginia, regardless of where the damage actually occurred. 49 U.S.C. § 14706. Because this was an interstate shipment, Carmack governs all property damage alleged in Counts I and II of Plaintiff's complaint, whether the damage occurred in this state or in another state.

As to Count III, Harlow alleges that Defendants violated the VCPA. (MFJ, ¶¶ 16-21.) However, Va. Code § 59.1-199(A) specifically excludes from coverage any claims arising under federal law: "any aspect of a consumer transaction which aspect is authorized under laws or regulations of . . . the United States." Even if the General Assembly intended for the VCPA to cover Plaintiff's claims, it is clear that such an action would be preempted by the Carmack Amendment as determined in *Croninger*. Carmack "supersedes all the regulations and policies of a particular state . . . [and] embraces the subject of the liability of the carrier under a bill of lading." *Croninger*, 226 U.S. at 505. Furthermore, "almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Id.* at 505-06. Consequently, Plaintiff cannot state a claim under the VCPA for property damage resulting from an interstate carrier's transportation of property.

*(II) Despite Plaintiff's failure to mention the Carmack Amendment by name, Plaintiff sufficiently states a cause of action upon which relief may be granted, and the Judgment by Default is not void*

In Virginia, "as a general proposition, a default judgment is valid if the trial court had territorial jurisdiction, subject-matter jurisdiction and if adequate notice has been given to the defaulting party." *Landcraft Co. v. Kincaid*, 220 Va. 865, 870, 263 S.E.2d 419, 422 (1980). In *Kincaid*, the Court found that, although the plaintiff's pleadings may need amplification, the Motion for Judgment was sufficient to "plainly declare an intention to recover" damages from the defendants and stated facts constituting a claim upon which relief could have been granted. 220 Va. at 871, 263 S.E.2d at 423.

In this case, the Court indisputably has both territorial and subject matter jurisdiction. However, Bekins claims that Plaintiff's failure to mention "Carmack" in the Motion for Judgment is a fatal defect to the cause of action. If the pleadings are sufficient to adequately apprise the Defendants of the Plaintiff's intention to recover and to adequately apprise the Defendants of the nature of the Plaintiff's claim, a cause of action has been sufficiently alleged whether or not Carmack is specifically stated. To hold otherwise is to elevate form over substance. Plaintiff's pleadings are sufficient to survive demurrer, and both Count I and II "fall squarely within" Carmack. *Newsome*, 253 Va. at 136, 480 S.E.2d at 745.

A. *Breach of Bailment Contract*

Harlow adequately asserts a common law breach of contract claim resulting in actual loss or injury to her property. The Supreme Court of Virginia in Newsome ruled that a contract that engages parties in their capacity as a common carrier to deliver property falls "squarely within the subject matters . . . to which federal carrier liability standards apply under the Carmack Amendment." 253 Va. at 136, 480 S.E.2d at 745. The Court reasoned in Newsome, that although the plaintiff's "allegations did not cite federal liability standards, and indeed were pleaded solely ex contractu, they are indisputably claims against common carriers arising from loss or damage of goods in interstate transportation." 253 Va. at 135, 480 S.E.2d at 744. Although Plaintiff fails to mention "Carmack" in her Motion for Judgment, Plaintiff's Breach of Bailment Contract claim is sufficient to state a claim, and indeed, Plaintiff proved her claim by ore tenus evidence to the Court.

## B. *Gross and Willful Negligence*

The United States Supreme Court has found that to show liability under Carmack, "a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods'." *Missouri Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964) (citations omitted). The Court further opined that under federal law "the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages." 377 U.S. at 138. It is then that the "burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.*

Here, Harlow's allegations are not only sufficient to state a claim upon which relief may be granted for negligence, she adequately proved this claim to the Court as well. Bekins failed to respond to Plaintiff's original pleading or appear in this case, and the Court properly entered a Judgment by Default to the extent of actual damages.

## Conclusion

Therefore, as to Count I (Breach of Bailment Contract) and Count II (Gross and Willful Negligence), the Court finds that Plaintiff's Motion for Judgment adequately states a cause of action upon which relief may be granted and relief in the amount of actual damages was properly awarded after the Defendants' default. Defendants' Motion to Set Aside Judgment by Default on Count I and II is denied. As to Count III, the Court finds that VCPA does not apply to claims that are regulated by federal law. Accordingly, the Defendants' Motion to Set Aside Judgment by Default on Count III is granted.