**Richmond**

### ELIZABETH Y. BYRUM, ET AL.

### V.

### LOWE & GORDON, LTD.

April 29, 1983.

Record No. 801458.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, Russell, JJ., and Harrison, Retired Justice.

*J. Benjamin Dick* for appellants.
*John C. Lowe (Craig T. Redinger; Lowe & Gordon, Ltd.*, on briefs), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In May, 1979, Lowe & Gordon, Ltd., obtained a judgment against Elizabeth and Barney Byrum. The Byrums moved to set aside this judgment in April, 1980, alleging the court erred for various reasons in entering judgment against them. However, the threshold issue on appeal is whether the 1979 judgment could be attacked 11 months later. Concluding it could not, we do not reach the issue of whether the original judgment was proper.

The appellee, a professional corporation engaged in the practice of law, originally filed suit against the Byrums in June, 1978, for money it claimed was due it for legal services rendered. The Byrums, representing themselves, responded to this suit, giving the court an address in Cabin John, Maryland.

In February, 1979, Lowe & Gordon nonsuited the first suit and personally served the Byrums in Charlottesville, Virginia with a new motion for judgment which increased the amount alleged to be due. The Byrums, again proceeding *pro se*, filed a timely response to this motion for judgment. However, this responsive pleading contained no address, in violation of Code § 8.01-319.

In May, 1979, Lowe & Gordon filed a motion for default and summary judgment. It alleged the Byrums had failed to keep the court and opposing counsel advised of an address where they could be reached and that this made prosecution of the case impossible. A copy of this motion was sent certified mail to the Byrums' home in Virginia and other copies were served by the Secretary of the Commonwealth at two addresses in Maryland, including the Cabin John address the Byrums had previously given the court.

In May, 1979, the court held the Byrums were in default and entered judgment for Lowe & Gordon. The court stated that the Byrums' failure to provide an address had prevented the case from proceeding in an orderly manner, that the Byrums had been "given every reasonable opportunity" to appear, and that Lowe & Gordon had "acted entirely reasonably and patiently in attempting to contact" the Byrums. It concluded the Byrums had engaged in "a long, vexatious, dilatory and unreasonable course of conduct."

As no action was taken to modify this judgment within 21 days, it became final. Rule 1:1. Moreover, no appeal was taken from the May judgment in accordance with our Rules of Court. However, in April, 1980, the Byrums, by counsel, filed a "Motion to Vacate Default Judgment Per § 8.01-428."

The Byrums admitted that one of the Maryland addresses was the proper place to reach them and that notice of Lowe & Gordon's motion for default and summary judgment had been received, although a family member failed to forward it to them in a timely fashion. The Byrums further admitted that Lowe & Gordon had attempted to contact them by telephone, but they had failed to provide an address because they felt they were being harassed. After a hearing on this motion, the trial court refused to set aside the May, 1979, judgment, and the Byrums timely appealed from this order.

Code § 8.01-428* contains three paragraphs. It is clear that paragraph B, which addresses clerical mistakes, is inapplicable.

---

*Code § 8.01-428 reads as follows:

A. *Default judgments and decrees pro confesso; summary procedure.* — Upon motion of the judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

B. *Clerical mistakes.* — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

C. *Other judgments or proceedings.* — This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any

Paragraph A lists three grounds for setting aside a default judgment. There is no allegation of an accord and satisfaction, and the Byrums have stated they are not proceeding on the ground of fraud on the court. Therefore, in order to fall within paragraph A of the statute, the May, 1979, judgment would have to be void. This is not the case.

The Byrums were properly served with a motion for judgment in February, 1979. The court therefore had personal jurisdiction over them. Further, the Byrums admitted that notice of Lowe & Gordon's attempt to obtain a default judgment against them was received in Cabin John. Therefore, the May, 1979, judgment was not void, and the Byrums are not entitled to relief under § 8.01-428A.

■ As an alternative, the Byrums argue that paragraph C of the statute is applicable. This paragraph also lists three grounds for relief, and again, two, fraud on the court and ineffective service of process, do not apply. The Byrums therefore rely on the first part of this paragraph which states that "[t]his section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding. . . ."

While the language the Byrums rely on appears broad, we have held it is to be given a narrow construction. *Landcraft Co.* v. *Kincaid*, 220 Va. 865, 263 S.E.2d 419 (1980) (involving the predecessor of Code § 8.01-428). This is so because judicial proceedings must have a certainty of result, and a high degree of finality must attach to judgments. *Landcraft*, 220 Va. at 874, 263 S.E.2d at 425.

It is clear the Byrums cannot rely on paragraph C of § 8.01-428. The paragraph states that "an independent action" may be brought. The Byrums did not do this. Instead, they filed a motion as part of the cause started in February, 1979. They therefore did not file a proper action under the Code section, and the trial court was correct in refusing to vacate the original judgment.

Paragraphs A and B of Code § 8.01-428 speak of a motion, while paragraph C speaks of an independent action. Clearly, by using different terminology in different paragraphs of the same Code section, the General Assembly meant to provide for a differ-

judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

ent procedure under C than under A and B. This view is reinforced by the Revisers' Note to the Code section which states that paragraph C is meant to preserve "[a] court's inherent equity power to entertain an independent action to relieve a party from any judgment. . . ." This view is further reinforced by an examination of the predecessor section of Code § 8.01-428, Code § 8-348, which provided for relief from a default judgment only upon motion.

In conclusion, the Byrums' motion does not allege sufficient grounds under Code § 8.01-428 to attack the May, 1979, default and summary judgment. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*