# McEwen Lumber Company

## v.

# Lipscomb Brothers Lumber Company, et al.

Record No. 840882

October 9, 1987

Present: All the Justices

*Robert B. Ritchie (Ritchie & Ritchie,* on briefs), for appellant.

*Gary L. Denton (Beale, Eichner, Wright, Denton & Balfour, P.C.,* on brief), for appellee, Lipscomb Brothers Lumber Company.

No brief or appearance for appellees, Gerald C. Twiggs, Wayne W. Morris and Margie W. Morris.

*Amicus Curiae:* Borg-Warner Acceptance Corporation (Samuel M. Walker, Jr.; Coates & Comess, on brief), for appellees.

RUSSELL, J., delivered the opinion of the Court.

Under Rule 1:1, a final judgment remains under the control of the trial court "for twenty-one days after the date of entry, and no longer." Code § 8.01-428(A), however, provides:

*Default judgments and decrees pro confesso; summary procedure.* — Upon motion of the judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

In this appeal, we consider the circumstances in which the above-quoted statute applies.

The essential facts are undisputed. McEwen Lumber Company (McEwen) sold lumber on open account to Lipscomb Brothers Lumber Company (Lipscomb). The account became delinquent in mid-1981, at which time Lipscomb owed McEwen $11,781.88. In January 1982, McEwen brought an action against Lipscomb in the court below for that amount.

Lipscomb, in turn, had a claim against Gerald E. Twiggs, Wayne W. Morris, and Margie W. Morris (collectively, Twiggs) amounting to $9,120.00. On March 3, 1982, Lipscomb took judgment for that amount in the Circuit Court of Hanover County against Twiggs.

On May 21, 1982, counsel for McEwen and counsel for Lipscomb appeared before the court and consented to the entry of a summary judgment in McEwen's favor against Lipscomb in the full amount of McEwen's claim. In June 1982, McEwen filed a garnishment proceeding, naming Lipscomb as principal defendant and Twiggs as garnishee. Lipscomb and Twiggs were properly served with process, but neither made any appearance by July 20, 1982, the return date of the garnishment. On July 23, 1982, the court entered a default judgment in garnishment in favor of McEwen against Twiggs for $9,120.00, the amount of Twiggs' debt to Lipscomb.

In the meantime, on June 1, 1982, Twiggs had made an arrangement with Lipscomb to satisfy Twiggs' debt by installment payments evidenced by a note secured by a deed of trust on Twiggs' property. These papers were dated June 1, but the deed of trust was not acknowledged before a notary public until July 22 and was not recorded until July 30, 1982, after McEwen's default judgment against Twiggs had been entered. When the deed of

trust was recorded on July 30, Lipscomb's counsel caused Lipscomb's judgment against Twiggs to be marked "satisfied."

In November 1982, Twiggs filed a "Motion to Set Aside Default Judgment" in McEwen's garnishment proceeding. The motion alleged that Gary L. Denton, Lipscomb's attorney, had an attorney's lien on Lipscomb's judgment against Twiggs, that Borg-Warner Acceptance Corporation (Borg-Warner) had a lien on all Lipscomb's receivables, that Denton was collecting Twiggs' payments in escrow, that the Lipscomb judgment against Twiggs had been released by agreement, that McEwen had been aware of these facts when the default judgment in garnishment was taken, and that McEwen was guilty of "a gross misrepresentation of the facts."

On January 19, 1983, the court heard argument on Twiggs' motion. Counsel for McEwen and Twiggs were present, in addition to Mr. Denton, who appeared as counsel for Lipscomb but also notified the court of his personal claim to an attorney's lien. An attorney also appeared for Borg-Warner, who stated that his client claimed a lien on all Lipscomb's receivables pursuant to a financing statement filed in January 1982 in the clerk's office of the Circuit Court of Hanover County and in the State Corporation Commission.

By letter opinion in March 1983, the court held that McEwen had been entitled to a judgment in garnishment against Twiggs and that the evidence showed no fraud in the procurement of that judgment. The court further held, however, that it "was without jurisdiction to enter judgment in the form and for money as entered;" that it should instead have ordered that Lipscomb's "evidence of the debt (judgment) be delivered to McEwen;" and that if that had been done, McEwen's judgment would have fallen on barren ground because McEwen would have acquired Lipscomb's judgment "encumbered with all its attachments," including Borg-Warner's lien and Denton's attorneys lien, both of which the court found to be valid and entitled to priority over McEwen's garnishment. In March 1984, the court entered a "Decree" which vacated McEwen's default judgment in garnishment but awarded costs to McEwen. The court's order also purported to adjudicate the priority of Borg-Warner's lien, subject to Denton's one-third attorney's lien, over McEwen's claim to the proceeds of Twiggs' debt to Lipscomb. We awarded McEwen an appeal.

We do not reach the question of the priority of the several lien claims against the asset in controversy, the debt due by Twiggs to Lipscomb. The trial court lacked jurisdiction to decide that controversy because the parties necessary to its determination were not made parties to the proceeding. Although Denton and Borg-Warner appeared at the hearing on Twiggs' motion to set aside McEwen's default judgment and filed briefs with the trial court stating their claims, no action was taken to add them as parties to the proceeding. They filed no pleadings, McEwen was given no opportunity to file pleadings responsive to their claims, and no parties had any opportunity to employ discovery proceedings with regard to their contentions.

It is axiomatic that a court may not adjudicate the rights of one who is not a party to the proceeding before it, *Jetco* v. *Bank of Virginia*, 209 Va. 482, 486, 165 S.E.2d 276, 279 (1969), and we have specifically held that the rights of a third-party claimant to a fund sought in garnishment proceedings cannot be adjudicated unless the claimant is made a party to the garnishment proceedings. *Id.* Because the trial court was unable properly to adjudicate the validity and priority of the liens claimed by Denton and Borg-Warner, those questions are not before us on this appeal. We therefore confine our consideration to the question whether the court erred in setting aside McEwen's default judgment.

There are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree of finality to judgments, whether obtained by default or otherwise. *Byrum* v. *Lowe & Gordon*, 225 Va. 362, 365, 302 S.E.2d 46, 48, *cert. denied*, 464 U.S. 961 (1983); *Landcraft Co.* v. *Kincaid*, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980). Rule 1:1 implements that policy, and we apply it rigorously, unless a statute creates a clear exception to its operation. *See In re: Department of Corrections*, 222 Va. 454, 281 S.E.2d 857 (1981). For the same reason, we have consistently construed Code § 8.01-428 and its predecessors, which create exceptions to the finality of judgments, narrowly. *Basile* v. *American Filter Service, Inc.*, 231 Va. 34, 37, 340 S.E.2d 800, 802 (1986); *see also Byrum*, 225 Va. at 365, 302 S.E.2d at 48; *Landcraft*, 220 Va. at 874, 263 S.E.2d at 425.

Applying that reading of Code § 8.01-428 to the facts of this case, we conclude that it did not afford any ground for vacating McEwen's default judgment in garnishment. The trial court

specifically found that the judgment was untainted by fraud. There is no contention that it was void. The remaining ground provided by § 8.01-428(A) for vacating a default judgment is "on proof of an accord and satisfaction." Although the trial court did not employ those terms in its opinion, such a finding is implicit in its order and was argued on appeal as the basis for the trial court's action in vacating the default. But the object of § 8.01-428(A), apparent on its face, is to grant a summary procedure for relief from judgments which are subject to one of the three specific defects mentioned in the statute.

No contention is made here that McEwen and Twiggs had entered into an accord and satisfaction. Rather, Twiggs argues that McEwen's judgment is impaired because Twiggs had entered into an accord and satisfaction with Lipscomb. That argument confuses two different judgments. Although Lipscomb's judgment against Twiggs may have been the subject of an accord and satisfaction, Lipscomb's judgment is not under attack here. McEwen's judgment alone was the subject of the proceeding below, and it is unimpaired by any of the defects mentioned in § 8.01-428(A).

On appeal, Lipscomb also relies on Code § 8.01-428(C). It provides, in pertinent part: "This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding . . . ." The reviser's note appended to that section indicates that it was enacted to preserve the court's inherent equity power to grant relief from the enforcement of a judgment in a proper case. We held in *Basile*, however, that a motion filed as a part of the case in which the judgment order was entered is not an "independent action" to relieve a party from a judgment under Code § 8.01-428(C). *Basile*, 231 Va. at 37, 340 S.E.2d at 802.

The reasons for our construction of Code § 8.01-428 are not merely technical. Section 8.01-428(A) affords a summary procedure for relief from judgments which are subject to three specific, gross defects. Part (B) of the statute contains a more liberal rule for the correction of clerical errors, matters of oversight, and inadvertent omissions. Part (C), quoted above, applies to cases not mentioned in the two preceding subsections, in which the right to relief is less clear, or where the interests of third parties may be affected, and which therefore require the full opportunities for pleading, discovery, and presentation of evidence afforded by a plenary suit in equity. Although the court's final order here was

captioned a "Decree," this was not a plenary suit in equity, but a motion for summary relief under § 8.01-428(A).

Because the court erred in vacating the default judgment, we will reverse the order appealed from and reinstate the default judgment in garnishment entered July 23, 1982.

*Reversed and final judgment.*