## CIRCUIT COURT OF FAIRFAX COUNTY

Saint Paul Fire and
Marine Insurance Co.

v.

Alma L. Palmer

Case Nos. (Chancery) 115792 and (Law) 91056

By JUDGE MICHAEL P. McWEENY

July 12, 1990

The Court has had this matter under advisement following oral argument and the submission of briefs by counsel upon defendant's Demurrer. For the reasons set forth below, the demurrer is sustained.

This cause of action seeks equitable relief to prevent defendant's enforcement of a portion of a $1.5 million medical malpractice judgment awarded to her in *Palmer v. Fulcher, M.D., et al.,* At Law No. 67416. As the medical malpractice insurance carrier in that action, plaintiff now asserts the decision in *Palmer* is void as to any amount in excess of $750,000.00 and further claims this Court has jurisdiction to grant relief.

The first ground of the demurrer is that the suit is not one cognizable at law or in equity but is merely an attempt to relitigate issues finally adjudicated in the prior action. The plaintiff asserts that the Bill of Complaint for Injunctive Relief constitutes an "independent action" for relief from a judgment as contemplated under Va. Code § 8.01-428(C):

C. *Other judgments or proceedings.* -- This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceedings or to grant relief to a defendant not served with process as provided in § 8.01-322 or to set aside a judgment or decree for fraud upon the court.

In the case at bar, the latter two grounds for relief are not in issue, as neither ineffective service or fraud on the court are alleged. The remaining language appears broad; however, the Supreme Court has held that it is to be given a narrow construction. *Byrum v. Lowe & Gordon*, 225 Va. 362, 302 S.E.2d 46 (1983); *Basile v. American Filter Service, Inc.*, 231 Va. 34, 340 S.E.2d 800 (1986). In applying the statute to Rule 1:1, the Supreme Court has held that:

> [t]here are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree to finality to judgments, whether obtained by default or otherwise. [citations omitted]. Rule 1:1 implements that policy, and we apply it rigorously, unless a statute creates a clear exception to its operation. *McEwen Lumber v. Lipscomb Bros. Lumber*, 234 Va. 243, 360 S.E.2d 845 (1987). (See also *Landcraft Co. v. Kincaid*, [220 Va. 865,] 263 S.E.2d 419 (1980)).

It is clear that one of the purposes of § 8.01-428(C) is to preserve the court's inherent equity power to hear an independent action for relief from any judgment. *Gulfstream Building Associates v. Britt*, 239 Va. 178, 387 S.E.2d 488 (1990). However, that statement begs the question as to *when* the court will entertain such an independent action, given the narrow construction of the statute. The answer lies in the case of *McEwen Lumber v. Lipscomb Bros. Lumber*:

> Part (C), quoted above, applies to cases not mentioned in the two preceding subsections,

> in which the relief is less clear, or where the interests of third parties may be affected, and which therefore require the full opportunities for pleading, discovery, and presentation of evidence afforded by a plenary suit in equity.

*Supra*, 248.

A "third party," in order to avail itself of relief under this section, must set forth allegations of fact that it had an interest at the time the judgment was rendered, that it was prejudiced, and that "the circumstances support a present grant of relief." *Gulfstream Building Associates v. Britt, supra,* 182. To meet this burden, the plaintiff has alleged that it was the medical malpractice insurance carrier for the defendants in the prior suit and sets forth all stages of the case, including the appeals, issues on appeal, and rulings. Paragraphs 24 and 25 of the Bill of Complaint allege that, as the result of the rulings of the Virginia Supreme Court, the plaintiff "is placed in a prejudicial position due to adventitious circumstances" and that it has "no adequate remedy at law to attack that portion of the $1.5 million judgment which is void."

A demurrer admits the truth of all material facts that are properly pleaded. *Bowman v. State Bank of Keysville,* 229 Va. 534, 331 S.E.2d 797 (1985). This includes facts expressly alleged, facts impliedly alleged and facts which may be fairly and justly inferred from the facts alleged. *Ames v. American National Bank,* 163 Va. 1, 176 S.E. 204 (1934). It does not include legal conclusions which are alleged as "facts."

By the allegations in the Bill of Complaint, it is clear that the issue as to whether the judgment was void, illegal, or unconscionable was central to the appeals process in the prior action. The plaintiff only offers legal conclusions of "adventitious circumstances" and lack of adequate remedy at law to overcome the finality of the judgment while admitting in its Memorandum that it had retained the counsel which defended its insured in the prior suit. The plaintiff has failed to set forth any facts which "require the full opportunities for pleading, discovery, and presentation of evidence afforded

by a plenary suit in equity." *McEwen Lumbers v. Lipscomb Bros. Lumber, supra.* The demurrer is sustained.

September 19, 1990

This case came before the Court on September 5, 1990, upon complainant's motion for leave to amend its Bill of Complaint. After oral argument, counsel requested leave to file memoranda, and the Court took its ruling under advisement.

On July 12, 1990, the Court ruled by letter opinion sustaining the defendant's Demurrer; however, the letter was silent on the right to amend. The respective Memoranda have now been reviewed, and the Court is unable to find a viable cause of action. The final judgment of $1.5 million resulted from the original failure of the defense in the underlying case to pursue an appeal regarding multiple "caps" for multiple health care providers. This is not an "adventitious circumstance," and nothing done by Palmer "prevented them from appearing and prosecuting" that claim. Further, there is nothing alleged in the Memorandum which would rise to "tantamount to . . . extrinsic fraud." Lastly, there is nothing in the motion or argument to support a theory that the Supreme Court of Virginia was "confused" when it issued its rulings.

The motion for leave to amend is denied, and the case is dismissed.