## CIRCUIT COURT OF FAIRFAX COUNTY

Barbee

v.

Barbee

January 21, 1991

Case No. (Chancery) 115006

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the Fairfax County Police Officers Retirement System's Motion to Vacate the Qualified Domestic Relations Order entered August 6, 1990. In support of their motion, the retirement system states as follows:

(1) The order is not a Qualified Domestic Relations order because it required the plan to provide a form of benefit or option not otherwise provided under the plan;

(2) The order effectuates an impermissible assignment of pension benefits;

(3) The Court had no authority to order direct payments by the system because it was not properly before the Court.

The Court has considered the arguments of counsel, as well as the authorities cited by both sides, and denies the Motion to Vacate for a number of reasons.

*Procedural Concerns*

The Motion to Vacate brought by the retirement system is improperly before the Court, as twenty-one days have elapsed since entry of the order. Rule 1:1 Rules of the Virginia Supreme Court. An attack on a judgment under Section 8.01-428(C) must .be brought as an independent action, not as a motion in the original case. *See* Section 8.01-428(C) Va. Code Ann. (1950); *Byrum v. Lowe & Gordon*, 225 Va. 362, 302 S.E.2d 46 (1983); *Basile v. American Filter Service, Inc.*, 231 Va. 34, 340 S.E.2d 800 (1986).

*Qualified Domestic Relations Order*

The fact that the order entered by this Court on August 6, 1990, called for the retirement system to pay benefits directly to Mrs. Barbee does not diminish its status as a Qualified Domestic Relations Order. Generally, any order which requires a plan to provide a type of benefit not otherwise provided by the plan cannot qualify as a Qualified Domestic Relations Order. 26 U.S.C. Section 414(p)(3)(A). However, orders that simply require direct payments to an alternate payee do not violate this rule. 26 U.S.C. § 414(p)(4)(A)(iii). Specifically, the Code reads:

> A domestic relations order meets the requirements of this paragraph only if such order . . . does not require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan . . . .
> A domestic relations *order shall not be treated as failing to meet the requirement* of subparagraph (A) of paragraph (3) *solely because such order requires that payment of benefits be made to an alternate payee . . . in any form in which such benefits may be paid under the plan to the participant* . . . . 26 U.S.C. § 414(p)(4)(A)(iii) (emphasis added).

## *"Assignment" of Rights*

The division of pension rights was not an improper "assignment" for two reasons. First, pension benefits acquired by either spouse during the marriage are defined as marital property. § 20-107.3(A)(2) Va. Code Ann. (1950). The identification of Mrs. Barbee's rights to these funds in the Qualified Domestic Relations Order was not an "assignment" because she has a right to them by law.

Second, even if the Court were to consider this an "assignment" of pension benefits, a judicial exception to the rule prohibiting alienation allows transfers of this type. The prohibitions against alienation of the pension benefits in this case are common to most pension plans conforming to ERISA. Although these prohibitions are seemingly absolute, a judicial exception has been carved in cases where a duty of support is owed to a spouse or the children of a plan participant. In the interest of protecting the State's broad public policy of protecting the employee *and his family*, the law allows family members to be treated differently than third-party creditors. "Alienation" in the furtherance of support of a spouse or children of a plan participant is generally permitted. *See, Tenneco, Inc. v. First Virginia Bank of Tidewater*, 698 F.2d 688 (E.D. Va. 1983); *Smith v. Mirman*, 749 F.2d 181 (E.D. Va. 1984).

Additionally, a number of other jurisdictions have addressed this issue specifically with regard to state employee pension plans with similar restrictions and have held in accordance with this ruling. *See, Eskine v. Eskine*, 518 So.2d 505 (La. 1988) (police pension fund ordered to pay benefits *directly* to former spouse); *Faus v. Faus*, 319 N.W.2d 408 (Minn. 1982) (Fire department pensioner's dependents should not be classified with strangers holding hostile claims); *Young v. Young*, 488 A.2d 264 (Pa. 1985) (police pension); *Cleveland v. Board of Trustees, Police and Firemen's Retirement System*, 550 A.2d 1287, 229 N.J. Supp. 156 (1988) (portion of police pension ordered to be paid *directly* to divorced spouse); *Fischer v. Fischer*, 98 A.2d 204, 13 N.J. 162 (1953) (police/firemen's pension); *Morgan v. Horton*, 675 S.W.2d 602 (Tex. App. 5 Dist., 1984) (exemptions did not prevent a *partition* of spouse's pension benefits). *See also, Custer*

*v. Custer*, 776 S.W.2d 92 (Tenn. App. 1988), *cert. den.*, 110 S. Ct. 324 (1989) (private pension plan).

### Court's Power to Direct Payment

The Court, in making a Qualified Domestic Relations Order, may direct a retirement system to make payments directly to a plan participant's spouse. This power is derived from both federal and state law. *See* 29 U.S.C. Sec. 1001 *et seq.*; 26 U.S.C. § 402 *et seq.*; § 20-107.3(G) Va. Code Ann. (1950). In particular, Virginia Code Section 20-107.3(G) states:

> [T]he court may direct payment of a percentage of the marital share of any pension, profit sharing, or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether in lump sum or over a period of time . . . .

For the reasons stated above, the Motion to Vacate is denied.