# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Catherine O. Haley

v.

John Doe

March 25, 1999

Case No. CL98-727

BY JUDGE H. THOMAS PADRICK, JR.

I have had an opportunity to review the file, the briefs, and the argument of counsel in the above-captioned matter.

The Defendant in this case, by counsel, has filed a motion to set aside the default judgment which was entered on July 1, 1998. In connection with the said default, the claim of the Plaintiff, for an unliquidated sum of damages, was set down for trial on November 30, 1998. Judgment for the Plaintiff was entered on that date for the sum of $225,000.00, for the Plaintiff who, among other injuries, suffered a lacerated liver in the automobile accident which was the subject matter of the motion for judgment.

The motion to rehear was filed by the Defendant on December 30, 1998, some 30 days after entry of final judgment, and beyond the twenty-one days specified in Rule 1:1 of the Rules of the Supreme Court.

The Plaintiff was insured by State Farm Mutual Automobile Insurance Company for an automobile accident which had occurred on or about March 24, 1996. It is undisputed that State Farm's registered agent, Brian Carlson, was personally served with the Motion for Judgment and the Notice of Motion for Judgment on April 2, 1998, some eight months prior to anyone making an appearance for the Defendant. The motion for judgment was ignored or overlooked by the Defendant.

The Defendant argues that the judgment should be set aside because the Plaintiff failed to file a written motion in the course of seeking her default judgment. Alternatively, the Defendant contends that the judgment should be vacated because Plaintiff's counsel neglected to mail a copy of the praecipe to Defendant's registered agent, as is indicated in the certificate of service filed along with the praecipe.

The Defendant's argument that the default judgment should be set aside because the Plaintiff did not file any written motion is without merit. Although Rule 3:17 indicates that the Court shall enter judgment "on motion of the plaintiff," the twenty-one days has long since expired, *see* Rule 1:1; and the only other grounds for setting aside a default judgment appear in Va. Code § 8.01-428(A). This subsection allows the Court to set aside a default judgment on grounds of fraud.

In addition, the Defendant argues that the judgment should be vacated because the Plaintiff neglected to mail a copy of the praecipe to the Defendant's registered agent. The Court is also of the opinion that the argument is without merit. Rule 3:17 clearly provides that a defendant who is properly served (other than a defendant served by posting) and fails to respond within twenty-one days is not entitled to notice of any further proceedings, except to counsel of record, if any. Since Defendant did not file responsive pleadings within the allotted time period and did not have counsel of record, he was not entitled to notice of the hearing on damages.

Defendant nonetheless contends that Plaintiff's failure to mail Defendant's registered agent a copy of the praecipe constitutes a "fraud on the Court" as envisioned by § 8.01-428. In this context, "fraud" means "conduct which prevents a fair submission of the controversy to the Court ... ." See *Jones v. Willard*, 224 Va. 602, 607 (1983). Rule 3:17, however, implicitly establishes that lack of any further notice does not prevent the Court from making a fair judgment about the Plaintiff's claim. Thus, since the Defendant was not entitled to notice of the hearing, the fact that Plaintiff failed to mail a copy of the praecipe to Defendant's registered agent cannot be construed as conduct preventing fair submission of the controversy to the Court.

It is clear to the Court that the Plaintiff was merely complying with Rule 3:17 and that strict compliance with the said Rule does not amount to fraud as envisioned under Va. Code § 8.01-428(A).

In regard to the written motion as to default, the Supreme Court has repeatedly admonished that § 8.01-428 should be strictly interpreted to insure the finality of judgments. See *McEwen Lumber Co. v. Lipscomb Bros. Lumber*,

234 Va. 243 (1987). The Plaintiff's failure to file a written motion should not be viewed as grounds for setting aside the default judgment.

It has been almost one year since the original motion for judgment was filed. The Defendant is requesting that this Court delay the litigation due to the negligence of the Defendant's representatives in not properly defending the suit. The delay was caused strictly by the Defendant's negligence in not responding to the suit and not by any fraud, real or constructive, being committed by the Plaintiff or her counsel.