UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Alston and Decker
Argued at Richmond, Virginia


ROBERT CLARK WAGNER

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1733-15-4                        JUDGE MARLA GRAFF DECKER
                                                      OCTOBER 4, 2016

DIANE LOUISE WAGNER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Cary S. Greenberg (Timothy R. Bradley; Caroline E. Costle;
GreenbergCostle, PC, on briefs), for appellant.

Thomas W. Repczynski (Alina L. Czaplicki; Offit Kurman, P.C., on
brief), for appellee.


Robert Clark Wagner (the husband) appeals a 2015 circuit court order dismissing his

action to set aside the parties' final divorce decree and equitable distribution award.  He based

the complaint to set aside on the alleged deception of Diane Louise Wagner (the wife) about the

location of a painting that arose during the divorce proceedings in 1999.  On appeal, the husband

argues that the circuit court erred by refusing to set aside the final order and by not imposing

adequate sanctions against her.  The wife asks this Court to affirm and to award her attorney's

fees and costs incurred on appeal.  For the reasons that follow, we affirm the circuit court

decision.  We also deny the wife's request for costs and attorney's fees.

I.  BACKGROUND

During the parties' divorce proceedings, evidence was presented regarding an oil painting

obtained by the parties during their marriage.  The wife represented under oath that she had

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

given the painting away at a flea market.  The husband attempted to have an expert witness testify regarding the painting's value, but his expert was excluded due to the husband's failure to designate the expert witness in a timely manner.  The judge assigned a $2,000 value to the painting based on the cost incurred to restore it.  The court factored that value into the equitable distribution award.  It issued the final divorce decree in 1999.

In 2014, the husband filed a complaint seeking to set aside the final divorce decree and to reopen the equitable distribution award pursuant to Code § 8.01-428(D).  He alleged that during the divorce, the wife hid the painting, lied about it during discovery, and committed perjury when she testified that she had given it away.  He also filed a motion for an award of attorney's fees and sanctions against the wife.

At the end of a three-day hearing, the circuit court made detailed findings that comprised twelve pages of the transcript.  It found that the wife had hidden the painting during the divorce proceedings.  Further, the court found that "her testimony at the divorce hearing, that she did not have knowledge of the whereabouts of this asset and did not have control of the whereabouts of this asset . . . [was] completely false."  Similarly, the court concluded that the wife had lied during her deposition and in her interrogatory answer when she asserted that she had transferred the painting at a flea market.

The court noted that although the wife was "the least credible witness in this case of all the witnesses," the husband's testimony was also incredible.  Specifically, the court found that, at the time of the divorce, the husband sought his share of the value of the painting rather than the item itself, despite his testimony to the contrary.  Additionally, the court concluded that the husband did not rely on the wife's misrepresentations about the location of the painting.  It noted

the actions the husband had taken regarding the painting and found that they did not adequately address the wife's perjury during the course of litigation of the divorce.[1]

The circuit court concluded that the wife's actions did not amount to extrinsic fraud because they did not prevent "a fair submission" of the equitable distribution matter. In reaching this decision, the court observed that the divorce case was "significantly complex" because it "involved allegations of adultery, multiple properties, support, multiple assets, [and] business assets." The judge further commented that the lack of expert testimony on the value of the painting during the divorce proceedings was due to the husband's untimely designation of his expert witness, a reason within the husband's control.

The court ultimately held that the wife's perjury during the divorce proceedings amounted only to intrinsic fraud. Additionally, it concluded that the fraud did not constitute a basis to set aside the 1999 final decree. The court awarded the husband $2,000 in attorney's fees related to his motion to compel discovery and otherwise denied his motion for sanctions.

## II. ANALYSIS

The husband argues that the circuit court erred by not setting aside the 1999 divorce decree and reopening equitable distribution on the ground that the wife committed extrinsic fraud. Alternatively, he contends that her fraud upon the court, even if intrinsic, supported reopening the divorce decree. Finally, the husband asks this Court to conclude that the circuit court erred by imposing inadequate sanctions against the wife.[2] The wife counters that the

---

[1] The court recognized that the husband had sought a non-dissipation order and had filed a motion to compel.

[2] The circuit court's categorization of the painting as marital property for purposes of equitable distribution is not before us. In addition, the wife correctly conceded at oral argument that this Court has subject matter jurisdiction to consider the husband's assignments of error. See Khanna v. Khanna, 18 Va. App. 356, 357 n.1, 443 S.E.2d 924, 925 n.1 (1994).

circuit court correctly refused to disrupt the finality of the divorce decree. She asks for an award of costs and attorney's fees on appeal.

This Court reviews the circuit court's legal conclusions *de novo*. Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001). In contrast, we will not set aside a circuit court's factual findings unless "plainly wrong or without evidence to support [them]." Hughes v. Hughes, 33 Va. App. 141, 146, 531 S.E.2d 645, 647 (2000) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). If credible evidence in the record supports the court's findings, this Court "may not retry the facts or substitute our view of the facts for those of the trial court." Congdon v. Congdon, 40 Va. App. 255, 266, 578 S.E.2d 833, 838 (2003) (quoting Calvin v. Calvin, 31 Va. App. 181, 183, 522 S.E.2d 376, 377 (1999)). Further, the circuit court, as "the trier of fact[,] ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

In reviewing this appeal, in addition to the appellate standards recited above, we keep in mind the "strong policy reasons favoring certainty of results in judicial proceedings." Sauder v. Ferguson, 289 Va. 449, 459, 771 S.E.2d 664, 670 (2015) (quoting Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987)). Consequently, "we attach a high degree of finality to judgments." Id. (quoting Lumber, 234 Va. at 247, 360 S.E.2d at 848).

*A. Extrinsic or Intrinsic Fraud*

The husband argues that the circuit court erred by not finding that the wife's willful concealment of the painting's location and falsifications during the discovery phase of the divorce proceedings constituted extrinsic fraud. Whether the fraud was extrinsic or intrinsic is critical to our analysis.

Extrinsic fraud is well-defined through case law.  It is "conduct which prevents a fair submission of the controversy to the court."  State Farm Mut. Auto. Ins. Co. v. Remley, 270 Va. 209, 218, 618 S.E.2d 316, 320 (2005) (quoting Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)).  Extrinsic fraud has also been defined as "fraud that . . . deprives a person of the opportunity to be heard."  F.E. v. G.F.M., 35 Va. App. 648, 660, 547 S.E.2d 531, 537 (2001) (*en banc*) (alteration in original) (quoting Hagy v. Pruitt, 529 S.E.2d 714, 717 (S.C. 2000)).  This Court has explained that "[e]xtrinsic fraud is fraud which occurs outside the judicial process." Id. at 659, 547 S.E.2d at 536.  "A finding of extrinsic fraud . . . must be supported by clear and convincing evidence."  Gulfstream Bldg. Assocs. v. Britt, 239 Va. 178, 183, 387 S.E.2d 488, 491 (1990).  Further, a judgment procured by extrinsic fraud "is *void* and subject to attack, direct or collateral, at any time."  State Farm, 270 Va. at 218, 618 S.E.2d at 320 (quoting Jones, 224 Va. at 607, 299 S.E.2d at 508); see also Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993).

Examples of extrinsic fraud include a litigant's "[k]eeping the unsuccessful party away from the court by a false promise of a compromise, . . . purposely keeping him in ignorance of the suit; [and] . . . an attorney['s] fraudulently pretend[ing] to represent a party[] and conniv[ing] at his defeat."  McClung v. Folks, 126 Va. 259, 270, 101 S.E. 345, 348 (1919).  "In all such instances the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial . . . ."  Id. (quoting Pico v. Cohn, 25 P. 970, 971 (Cal. 1891)).

In contrast, a judgment procured by intrinsic fraud "is *voidable* by direct attack at any time before the judgment becomes final."  Jones, 224 Va. at 607, 299 S.E.2d at 508.  Such a judgment can be challenged only through "direct attack or appeal" and is not susceptible to collateral attack.  Peet, 16 Va. App. at 326, 429 S.E.2d at 490.  "A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the

opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact." Id.

Intrinsic fraud includes "perjury, forged documents, [and] other incidents of trial related to issues material to the judgment." State Farm, 270 Va. at 218, 618 S.E.2d at 320 (quoting Jones, 224 Va. at 607, 299 S.E.2d at 508). In essence, "obscuring facts" under litigation constitutes intrinsic fraud. See Peet, 16 Va. App. at 326, 429 S.E.2d at 490. The trial is the opposing party's "opportunity for making the truth appear."[3] McClung, 126 Va. at 270, 101 S.E. at 348 (quoting Pico, 25 P. at 971).

Applying these principles to the case at hand, we hold that the circuit court did not err by concluding that the husband failed to establish by clear and convincing evidence that the wife's actions constituted extrinsic fraud. The circuit court found that the husband sought equitable distribution of the value of the painting, not the painting itself. This factual finding was not plainly wrong or without evidence to support it.[4] The husband had the opportunity during the original divorce proceedings to have the court accurately value the painting. His expert witness was not allowed to testify to the painting's value only because the husband did not identify that witness in a timely manner. Based on this finding, the husband failed to prove extrinsic fraud,

---

[3] The Supreme Court recognized that the rule that intrinsic fraud, including perjury, is not sufficient to set aside a final decree may result in "grievous" wrongs. McClung, 126 Va. at 270, 101 S.E. at 348 (quoting Pico, 25 P. at 971). However, it explained that "endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice." Id. (quoting Pico, 25 P. at 971).

[4] On the equitable distribution worksheet completed by the husband during the divorce proceedings, he asked for his share of the painting's value. The husband testified that he never believed the wife's claim that she had given the painting away. However, he did not ask any of their four children about the painting. Nor did he ask any of the wife's brothers if they knew its whereabouts. Many years later, one of her brothers disclosed to the husband that she had hidden it at his workplace.

and the record supports the trial court's finding that the wife's actions instead constituted intrinsic fraud.

### B.  Code § 8.01-428(D)

The husband contends that the circuit court erroneously concluded that the wife's fraud, even if it was intrinsic, could not support reopening the final divorce decree.  He suggests that Code § 8.01-428(D) provided statutory authority for the circuit court to reopen the final decree because his motion was an independent action, not a collateral attack.

Specifically, the husband asserts that Code § 8.01-428(D) provided an avenue for him to bring an independent action against the divorce decree procured by intrinsic fraud.  That code section provides that it "does not limit the power of the court to entertain at any time an independent action . . . to set aside a judgment or decree for fraud upon the court."  Code § 8.01-428(D).  Nevertheless, the Supreme Court made clear that this language must be narrowly construed "because 'judicial proceedings must have a certainty of result[] and a high degree of finality must attach to judgments.'"[5]  Charles v. Precision Tune, Inc., 243 Va. 313, 317, 414 S.E.2d 831, 833 (1992) (quoting Byrum v. Lowe & Gordon, Ltd., 225 Va. 362, 365, 302 S.E.2d 46, 48 (1983)).  The Court also explained that this paragraph did "not create any new rights or remedies, but merely preserve[d] a court's inherent equity power to entertain an independent action."  Id.

This subsection of Code § 8.01-428 simply "preserves the long-recognized right to bring an independent action in equity to relieve a party from the detrimental consequences flowing from an earlier judgment which allegedly resulted from fraud on the court."  Gulfstream, 239 Va. at 182, 387 S.E.2d at 491.  One factor in "deciding whether a fraud has been committed upon a

---

[5] The language currently found in Code § 8.01-428(D) was redesignated from subsection (C) in 1993.

court . . . is 'whether the misconduct tampers with the judicial machinery and subverts the integrity of the court itself.'" Owens-Corning Fiberglass Corp. v. Watson, 243 Va. 128, 142, 413 S.E.2d 630, 638 (1992)) (quoting United Bus. Commc'ns, Inc. v. Racal-Milgo, Inc., 591 F. Supp. 1172, 1186 (D. Kan. 1984)).

Five elements are required to support an independent action in equity:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Charles, 243 Va. at 317-18, 414 S.E.2d at 833 (quoting Nat'l Surety Co. of N.Y. v. State Bank of Humbolt, 120 F. 593, 599 (8th Cir. 1903)).

In light of the circuit court's factual finding that the husband sought his share of the value of the painting rather than the painting itself, the husband's case failed to meet the elements necessary to support an independent action. The wife's deception did not cause a judgment which, "in equity and good conscience," should not be enforced, because it was the husband's failure to properly designate his expert witness that prevented him from presenting evidence on the painting's value. Further, the husband had an adequate remedy available, which was to present evidence in the original proceedings of the painting's value in order to obtain his share of that value in the equitable distribution. Consequently, the circuit court did not err in holding that the wife's deception did not support reopening the parties' final divorce decree.

### C. Sanctions Below

The husband asked the circuit court for an award of attorney's fees and sanctions against the wife under Code § 8.01-271.1, Rule 4:1(g), and Rule 4:12(d). He stated that although he was not asking for sanctions for her perjury in the divorce proceedings, he wanted the court to

consider her past behavior in making its ruling. According to the husband, at a minimum he was entitled to receive an award of the $90,000 in attorney's fees that he incurred during the current case. The circuit court awarded him $2,000 for his "fees related to his motion to compel discovery."[6]

This Court will only reverse a circuit court's sanction decision if that court abused its discretion. Carrithers v. Harrah, 63 Va. App. 641, 653, 762 S.E.2d 402, 408 (2014). The circuit court's determination on this issue "will not be disturbed as long as it stay[ed]" within its range of choice and was "not influenced by any mistake of law." Id. (quoting Lawlor v. Commonwealth, 285 Va. 187, 212-13, 738 S.E.2d 847, 861 (2013)).

Code § 8.01-271.1 provides, in pertinent part, that a party's signature on a pleading certifies that to the best of her knowledge, the information contained in the document is "well grounded in fact." The statute authorizes sanctions against a party who signs a pleading in violation of the rule, "including a reasonable attorney's fee." Code § 8.01-271.1. Rule 4:1(g) similarly allows imposition of "an appropriate sanction" if a party falsely certifies a response to a discovery request. Rule 4:12(d) provides that the court "shall require" a party to pay "reasonable expenses" if that person failed to appear at her deposition, did not serve answers to interrogatories, or did not respond to a request for inspection.[7]

In this case, the circuit court did not abuse its discretion by awarding the husband $2,000. To any extent that the wife's prior misconduct was an issue before the court, the husband had already received an award of attorney's fees during the divorce proceedings. In addition, the

---

[6] The wife was ordered to pay $40,000 of the husband's attorney's fees during the previous litigation between the parties.

[7] Rule 4:12 limits the "circuit court's power to impose sanctions" to when "a party has failed to obey an order to provide or permit discovery." Brown v. Black, 260 Va. 305, 310-11, 534 S.E.2d 727, 729 (2000). Rule 4:12(d) specifically restricts the circuit court's power to when a party makes a motion while "the action is pending."

court determined that the wife's actions did not prevent the fair submission of the case. In light of these factors, the circuit court's decision to award the husband $2,000 was not an abuse of discretion.

*D. Costs and Attorney's Fees on Appeal*

The wife requests that this Court award her costs and attorney's fees incurred on appeal. This Court takes into consideration factors such as whether the requesting party has prevailed or whether other reasons exist to support an award of fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996); see also Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004); Rule 5A:30(b)(3). We hold that the husband's appeal was not frivolous and that it addressed "appropriate and substantial issues." See Hackler, 44 Va. App. at 75, 602 S.E.2d at 438. Further, the wife has presented no evidence or argument on brief advancing any other grounds upon which an award of fees and costs might be warranted. Consequently, we decline the wife's request for an award of attorney's fees and costs.

III. CONCLUSION

After reviewing the record and the relevant law, we conclude that the circuit court did not err by determining that the wife's deception did not constitute an adequate ground to set aside the final divorce decree entered in 1999. We do not condone her deceitful behavior, but the standard of review under which we must consider this case and the law relating to extrinsic and intrinsic fraud compels the result that we have reached. Further, the circuit court did not abuse its discretion in ordering the wife to pay the husband only $2,000. We affirm the decision of the circuit court and deny the wife's request for attorney's fees and costs incurred on appeal.

Affirmed.