COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty


NICKOLAS SPANOS, A/K/A
 NICKOLAS SPANOS SPANOUDIS

v.      Record No. 0719-22-2                    MEMORANDUM OPINION[*]
                                                    PER CURIAM
GREGORY PANOS,                                    MAY 2, 2023
 KISTA PANOS,
 NICHOLAS PANOS AND
 TOULA PANOS


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

(Nickolas George Spanos, on briefs), *pro se*.

(Mark C. Nanavati; Sinnott, Nuckols & Logan, P.C., on brief), for
appellees.


Nickolas Spanos appeals the circuit court's ruling denying his motion to reopen a default

judgment entered in favor of appellees (collectively, Panos) on March 4, 2004. The gravamen of

Spanos's argument is that Panos fraudulently obtained the default judgment because service of the

underlying complaint was defective under the Hague Convention on the Service Abroad of Judicial

and Extrajudicial Documents in Civil and Commercial Matters (Hague Convention). The circuit

court did not reach the merits of Spanos's arguments, however, because it found that his motion was

untimely under Code § 8.01-428(A). After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

In September 2003, Panos filed a complaint against Spanos in the circuit court. No responsive pleading was filed, so the circuit court entered judgment against Spanos on March 4, 2004, for a total of $41,750 plus interest of 8% per annum.

On December 22, 2021, Spanos filed a motion in the circuit court to "Reopen Bill Of Complaint." Spanos, who was and remains a resident of Greece, alleged that he was not served properly with the complaint under the provisions of the Hague Convention and Greece's accession to it. The motion prayed that the circuit court reopen the matter because the default judgment had been obtained fraudulently in violation of the Hague Convention and Article VI of the United States Constitution.

Panos, by counsel, opposed the motion. Panos argued that the circuit court had been apprised that Spanos was a resident of Greece, and further that Panos had requested service through the Secretary of the Commonwealth and provided the required form of the United States Marshals Service. In addition, the judgment had been satisfied in 2015 through a family trust,[1] and Spanos had knowledge of the judgment not later than 2011. Panos also argued that the motion was untimely under Code § 8.01-428(A).

At a hearing on the motion, the parties argued whether the two-year time limitation specified in Code § 8.01-428(A) controlled or whether Code § 8.01-428(D), which does not contain a time limit, applied. The circuit court found that the motion was not an independent action under Code § 8.01-428(D). Instead, the motion sought to reopen the original case; thus, Code § 8.01-428(A) and its two-year time limit applied. The circuit court denied the motion

---

[1] Neither the parties nor the circuit court addressed whether the payment rendered Spanos's challenge moot. *See generally Sheehy v. Williams*, 299 Va. 274, 279 (2020) ("Voluntary payment of a judgment deprives the payor of the right of appeal." (quoting *Citizens Bank & Tr. Co. v. Crewe Factory Sales Corp.*, 254 Va. 355, 355 (1997))). Thus, we do not address the point either.

because it was not filed within two years of entry of the default judgment. Spanos timely noted an appeal.

Spanos asserts four arguments in this Court challenging the correctness of the circuit court's judgment. First, he argues that the circuit court erred "by not acknowledging" the Hague Convention when it denied his motion to reopen the default judgment. Second, he contends that the circuit court erred "by not recognizing" the federal Supremacy Clause, which makes the terms of the Hague Convention binding on state courts. Third, he asserts that the circuit court erred by permitting Panos to assert "false-misleading" hearsay statements, which he alleges prejudiced him. Fourth, he argues that the circuit court "erred by refusing to acknowledge" that Panos's counsel intentionally and repeatedly committed "fraud upon the court" and refused to remedy the defective service process on him.

ANALYSIS

The "threshold issue" presented in this appeal is whether the circuit court abused its discretion in denying Spanos's effort to attack the 2004 default judgment nearly 18 years later. *Byrum v. Lowe & Gordon, Ltd.*, 225 Va. 362, 363 (1983). We conclude that the circuit court did not abuse its discretion in denying Spanos's belated attempt to reopen the case.

"An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . is not sufficient." Rule 5A:20(c)(2). "Only 'sufficient' assignments of error are recognized by this Court." *Egan v. Butler*, 290 Va. 62, 79 (2015) (citing Rule 5:17(c)(1)(iii)). Spanos's arguments concerning the Hague Convention and the Supremacy Clause, asserted in his first and second assignments of error, do not address the circuit court's ruling that his motion alleging a fraud on the court was untimely under Code § 8.01-428(A). "As these assignments of error fail to accurately address" the facts and circumstances before the

circuit court, they must be deemed "insufficient." *Env't Staffing Acquisition Corp. v. B & R Constr. Mgmt., Inc.*, 283 Va. 787, 792 (2012). Accordingly, we do not consider them.

In his third assignment of error, Spanos argues that the circuit court erred in allowing Panos's counsel to argue hearsay and "false evidence" concerning him, which prejudiced him in the circuit court. The hearing in the circuit court was limited to argument on Spanos's motion and Panos's opposition. The only evidence the circuit court received was a document Spanos's counsel proffered. Moreover, the record does not reflect that Spanos made a hearsay objection. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Spanos has not invoked the exceptions to Rule 5A:18, and this Court will not raise them sua sponte. *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 303 (2020). Accordingly, we do not consider Spanos's hearsay challenge.

Finally, Spanos contends that the circuit court erred by not granting him relief from the default judgment—procured, he says, through repeated "fraud[s] on the court"[2]—and refusing to remedy the defective service on him. Although Spanos asserts that the circuit court "refus[ed] to acknowledge" the alleged frauds, the record does not support that assertion. To the contrary, the

---

[2] The alleged frauds were that Panos's counsel: "intentionally misled" the circuit court by not filing the required USM-94 Form, although they represented that they had; intentionally misspelled Spanos's correct address on service for the Secretary of the Commonwealth; disregarded a purported letter from an unknown "condominium manager" that claimed Spanos did not live at the address served; and did not have the original complaint and process translated into Greek.

circuit court expressly found that Spanos sought relief from the default judgment under Code § 8.01-428(A) for "fraud on the court."

Absent a statutory exception, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer*." Rule 1:1(a) (emphasis added). Code § 8.01-428 provides one such statutory exception to the finality rule. Yet "[t]here are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree of finality to judgments, whether obtained by default or otherwise." *Sauder v. Ferguson*, 289 Va. 449, 459 (2015) (quoting *McEwen Lumber Co. v. Lipscomb Bros. Lumber Co.*, 234 Va. 243, 247 (1987)). Thus, our Supreme Court consistently has "construed Code § 8.01-428 and its predecessors, which create exceptions to the finality of judgments, narrowly." *Id.* (quoting *McEwen Lumber Co.*, 234 Va. at 247).

Code § 8.01-428(A) vests the circuit court with discretion to set aside a default judgment under specific circumstances.

> Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction, or (iv) on proof that the defendant was, at the time of service of process or entry of judgment, a servicemember as defined in 50 U.S.C. § 3911. *Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.*

Code § 8.01-428(A) (emphasis added). "In stating that the court 'may' set aside a judgment of default, the language of the statute, according to its ordinary meaning, places the decision of whether to set aside a judgment by default within the discretion of circuit court." *Sauder*, 289 Va. at 457. "[T]he phrase 'abuse of discretion' means that the circuit court 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not

influenced by any mistake of law.'" *Id.* at 459 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

The circuit court found—and the face of the record confirms—that the default judgment was rendered on March 4, 2004. Based on that finding, the circuit court concluded that Spanos's motion to reopen the case was untimely because it was not "brought within the two years" specified in Code § 8.01-428(A) for such claims. We find no abuse of the circuit court's discretion in reaching that conclusion.

Spanos further contends that he was entitled to relief under Code § 8.01-428(D). But Spanos did not object to the circuit court's ruling that the motion was brought under Code § 8.01-428(A). Spanos's failure to object in the circuit court constitutes a waiver of the claim in this Court. *See* Rule 5A:18.[3]

CONCLUSION

Spanos did not comply with the mandatory requirement of Rule 5A:20(c)(2) that he address the circuit court's rulings in his first two assignments of error, and he failed to preserve his hearsay objection. Finally, we find that the circuit court did not abuse its discretion in denying his motion to reopen the default judgment. Thus, we affirm the circuit court's judgment.

*Affirmed.*

---

[3] Even if it were preserved, this claim is also without merit. The circuit court found that "[g]iven the defendant's motion within this case to reopen the case, I cannot view it as an independent action to relieve a party from any judgment under" Code § 8.01-428(D). Under settled Virginia law, the circuit court's ruling was correct. *See, e.g.*, *McEwen Lumber Co.*, 234 Va. at 248 (noting that "a motion filed as a part of the case in which the judgment order was entered is not an 'independent action' to relieve a party from a judgment" (citing *Basile v. Am. Filter Serv., Inc.*, 231 Va. 34, 37 (1986))); *Byrum*, 225 Va. at 365 (holding that a motion filed "as part of" the original case is not an independent action). "Furthermore, . . . it is a fundamental principle of equity jurisprudence that a litigant who files an independent action in equity to set aside a judgment must be free of fault or neglect." *Charles v. Precision Tune, Inc.*, 243 Va. 313, 318 (1992).