COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley

WALTER WHITFIELD

MEMORANDUM OPINION[*]

v.      Record No. 1248-22-1          PER CURIAM
                                       MAY 9, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(Walter Whitfield, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Appellant, Walter Whitfield, challenges the trial court's denial of his motion to vacate his

2001 convictions for first-degree murder and robbery. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

A jury convicted Whitfield of first-degree murder and robbery. By final order of May 22,

2001, the trial court sentenced Whitfield to a total of 45 years' imprisonment with 5 years

suspended. Whitfield's appeals to this Court and the Supreme Court of Virginia were unsuccessful.

*See Whitfield v. Commonwealth*, No. 1339-01-1 (Va. Ct. App. Nov. 27, 2001) (order); *Whitfield v.*

*Commonwealth*, No. 012689 (Va. May 1, 2002) (order). The trial court also has denied two other

motions to vacate the same convictions.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

On May 18, 2021, while housed at the Augusta Correctional Center, Whitfield filed a motion to vacate his convictions as void. He argued that the record failed to establish the trial court's jurisdiction because no evidence showed that the offenses occurred in Virginia. The court denied the motion, finding that it lacked jurisdiction to consider it under Rule 1:1 and it had previously found Whitfield's claim unsupported by the record. Whitfield timely noted his appeal.

ANALYSIS

Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo review on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017). "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "[F]or a court to have the authority to adjudicate a particular case upon the merits," it must possess subject matter jurisdiction. *Id.*

"All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer*." Rule 1:1(a) (emphasis added). "That rule is 'mandatory in order to assure the certainty and stability that the finality of judgments brings.'" *Dobson v. Commonwealth*, 76 Va. App. 524, 529 (2023) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002)). Absent a statutory exception, once the 21-day period has expired, the trial court is "without jurisdiction in the case." *Id.* (quoting *Super Fresh*, 263 Va. at 563).

"There are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree of finality to judgments, whether obtained by default or otherwise." *Sauder v. Ferguson*, 289 Va. 449, 459 (2015) (quoting *McEwen Lumber Co. v.*

*Lipscomb Bros. Lumber Co.*, 234 Va. 243, 247 (1987)). Code § 8.01-428, relied upon by Whitfield, is only an exception to Rule 1:1 if a judgment or order was obtained by fraud or if the court lacked subject-matter jurisdiction. Thus, our Supreme Court consistently has "construed Code § 8.01-428 and its predecessors, which create exceptions to the finality of judgments, narrowly." *Id.* (quoting *McEwen Lumber*, 234 Va. at 247).

Whitfield's challenge to the trial court's jurisdiction rests on his claim that nothing in the record established that the offenses occurred in Virginia. Whitfield insists that his convictions are therefore void ab initio and the court erred in denying his motion to vacate. The record does not support his premise.

At trial, "[t]he Commonwealth has the burden to show a 'strong presumption' that the crime occurred within the trial court's jurisdiction and may do this *with direct or circumstantial evidence*." *Taylor v. Commonwealth*, 58 Va. App. 185, 190 (2011) (emphasis added) (quoting *Keesee v. Commonwealth*, 216 Va. 174, 175 (1975)). We have examined the trial record. The medical examiner testified that she was "the assistant chief medical examiner for the Commonwealth of Virginia in the Tidewater district." The autopsy report, admitted into evidence as Commonwealth's Exhibit 3, states that the murder victim's autopsy was conducted in "Norfolk, Va." on September 14, 1999. Thus, there is evidence in the record from which a reasonable fact finder could find that the offenses occurred in Virginia, within the trial court's jurisdiction. Accordingly, Whitfield's claim that the convictions were void ab initio was without merit and the court was without jurisdiction to grant him the requested relief years after his convictions became final.

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). But "[o]nce a court determines that it lacks subject matter jurisdiction, 'the only function remaining

to the court is that of announcing the fact and dismissing the cause.'" *Id.* (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

## CONCLUSION

The court correctly determined that it lacked jurisdiction to consider Whitfield's motion because the convictions were not void. Accordingly, we affirm.

*Affirmed*.